# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| NATHANIEL WOODS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-01758-LSC |
| | ) |
| CYNTHIA STEWART, Warden, | ) |
| Holman Correctional Facility, | ) |
| et al., | ) |
| | ) |
| Respondents. | ) |

## RESPONDENTS' ANSWER TO SECOND AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

Steve Marshall
*Attorney General*

Lauren A. Simpson
*Assistant Attorney General*
*Counsel for Respondents*

State of Alabama
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130-0152
Tel: (334) 353-1209
Fax: (334) 353-3637
lsimpson@ago.state.al.us

June 27, 2017

# TABLE OF CONTENTS

I.    Response to Introduction ................................................................1

II.   Response to Procedural History .....................................................1

III.  Response to Claims for Relief ........................................................2

     A.    Response to the claim that Woods was denied the rights to due process and equal protection where his court-appointed counsel "abandoned" him ....................................................................2

          i.    Response to the sub-claim that an out-of-time appeal to the Alabama Supreme Court is appropriate ....................................2

          ii.   Response to the sub-claim that appellate counsel's "abandonment" is presumptively prejudicial ............................4

          iii.  Response to the sub-claim that appellate counsel's "abandonment" resulted in actual prejudice .............................6

     B.    Response to the claim that Woods's appeal of his attempted murder conviction was unconstitutionally waived .............................8

     C.    Response to the claim that the State withheld favorable evidence ................................................................................9

     D.    Response to the claim that the trial court erroneously admitted evidence of prior bad acts ..............................................11

          i.    Response to the sub-claim that the court erred by admitting a misdemeanor domestic violence warrant and allowing a witness to testify that he located Woods in the "city files" of arrested individuals ............................................................12

          ii.   Response to the sub-claim that the court erred by admitting evidence of Woods's prior drug sales and gun use ................14

iii.    Response to the sub-claim that the court erred by admitting evidence of Woods's prior conduct toward law enforcement officers ............................................................16

iv.    Response to the sub-claim that the court erred by admitting evidence found in Woods's jail cell........................................18

v.    Response to the sub-claim that the court gave an inadequate limiting instruction ...............................................20

E.    Response to the claim that the venue should have been changed due to pretrial publicity ...................................................................21

F.    Response to the claim that the trial court gave an inadequate instruction on specific intent ............................................................24

G.    Response to the claim that the State's closing argument shifted the burden of proof to the defense......................................................25

H.    Response to the claim that the trial court failed to instruct the jury on manslaughter ................................................................................28

I.    Response to the claim that the State violated Batson in striking the jury................................................................................................31

J.    Response to the claim that the *trial* court improperly admitted victim impact testimony during the guilt phase of the trial .............33

K.    Response to the claim that the trial court erred by double-counting ............................................................................................36

L.    Response to the claim that the trial court erred by admitting hearsay evidence in the form of police dispatch tapes......................39

M.    Response to the claim that the trial court erred by allowing a witness to testify to the statement of an unidentified man...............40

N.    Response to the claim that the trial court erred by allowing a State's witness to testify to the hearsay statements of Woods's codefendant ........................................................................................41

O. Response to the claim that the trial court erred by failing to secure a reliable and accurate record of the proceeding..............................43

P. Response to the claim that the trial court erred by permitting the introduction of photographs of the victims' injuries........................45

Q. Response to the claim that the trial court prejudged Woods's guilt ........................................................................................................47

R. Response to the claim that the trial court erred by allowing uniformed law enforcement officers to "pack" the courtroom during the trial ...................................................................................50

S. Response to the claim that the trial court erred by allowing the State to introduce testimony from its handwriting expert without first establishing a proved handwriting ............................................52

T. Response to the claim that the trial court improperly constructed the strike list ......................................................................................54

U. Response to the claim that the trial court erred by allowing state witnesses to give sentencing recommendations................................57

V. Response to the claim that the trial court erred by allowing rebuttal victim impact testimony during the penalty phase .............60

W. Response to the claim that the trial court misled the jury about the weighing process at sentencing ...................................................62

X. Response to the claim that the trial court considered extraneous evidence in sentencing Woods ..........................................................64

Y. Response to the claim that Woods was denied effective assistance of counsel during the guilt phase of his trial...................65

  i. Response to the sub-claim that trial counsel failed to adequately investigate and present evidence in support of Woods's defense ..................................................................65

ii.     Response to the sub-claim that trial counsel provided ineffective assistance prior to trial ..........................................68

iii.    Response to the sub-claim that trial counsel provided ineffective assistance during jury selection ...........................70

iv.     Response to the sub-claim that trial counsel failed to subject the State's case to adequate adversarial testing at trial .......................................................................................72

Z.      Response to the claim that Woods was denied effective assistance of counsel during the penalty and sentencing phases of his trial...........................................................................................74

i.      Response to the sub-claim that trial counsel failed to discover readily available mitigation evidence and meaningfully present the mitigation evidence they did discover ...................................................................................74

ii.     Response to the sub-claim that trial counsel failed to adequately advise Woods about testifying on his own behalf....................................................................................................77

iii.    Response to the sub-claim that trial counsel failed to present evidence establishing Woods's intellectual disability...................................................................................79

iv.     Response to the sub-claim that trial counsel failed to elicit testimony from key mitigation witnesses ...............................81

v.      Response to the sub-claim that trial counsel failed to subject the State's submissions in favor of the death penalty to adequate adversarial testing ...................................83

AA.     Response to the claim that Woods was denied effective assistance of appellate counsel.........................................................85

i.      Response to the sub-claim that appellate counsel rendered ineffective assistance due to a conflict of interest .................85

ii.    Response to the sub-claim that appellate counsel failed to request meaningful proportionality review ............................ 87

iii.    Response to the sub-claim that appellate counsel failed to raise meritorious claims ......................................................... 89

BB.    Response to Woods's *Martinez* claims ............................................. 92

i.    Response to the claim that trial counsel rendered ineffective assistance for failing to adequately advise Woods about the State's plea offer ......................................... 92

ii.    Response to the claim that appellate counsel rendered ineffective assistance for failing to ensure that jury questionnaires and other jury materials were included with the record on appeal ................................................................. 93

iii.    Response to the claim that appellate counsel rendered ineffective assistance for raising a claim of ineffective assistance of trial counsel on direct appeal ............................ 95

iv.    Response to the claim that appellate counsel rendered ineffective assistance for abandoning Woods's appeal of his attempted murder conviction ............................................ 96

v.    Response to the claim that trial, appellate, and postconviction counsel rendered ineffective assistance for failing to challenge the constitutionality of Alabama's capital statutes under *Ring* and *Hurst* ..................................... 97

vi.    Response to the claim that Woods's death sentence is unconstitutional under *Ring* and *Hurst* ................................... 99

vii.    Response to the claim that postconviction counsel was ineffective for failing to exhaust Woods's claims in state court ..................................................................................... 101

CC.    Response to the claim that Woods's death sentence is invalid because Alabama amended its capital sentencing statutes to remove the jury override provision ................................................ 102

IV.     Response to Prayer for Relief......................................................................104

V.      Miscellaneous Matters ...............................................................................104

Conclusion .............................................................................................................105

Come now Respondents Cynthia Stewart, Warden of Holman Correctional Facility, and Jefferson Dunn, Commissioner of the Alabama Department of Corrections, by and through the Alabama Attorney General's Office, and respectfully file their answer to Nathaniel Woods's second amended petition for writ of habeas corpus.

1.     The unnumbered paragraph on page 1 is merely a statement of the parties and purpose of the petition, and it does not require an answer.

## I.     RESPONSE TO INTRODUCTION

2.     Paragraph 1 is admitted only to the extent that counsel on direct appeal, Glennon Threatt, did not request rehearing in the Alabama Court of Criminal Appeals or file a petition for writ of certiorari in the Alabama Supreme Court. Otherwise, the paragraph is denied.

3.     Paragraphs 2–6 are denied.

## II.     RESPONSE TO PROCEDURAL HISTORY

4.     Paragraphs 7–8 are admitted.

5.     Paragraph 9 is admitted but for Woods's assertion that he did not learn of counsel's failure to pursue discretionary appeals "until months after his appeal had been defaulted," which is not proven by the record.

6.     Paragraphs 10–15 are admitted.

7.    Paragraph 16 is admitted but for Woods's assertion that he has "exhausted all state court post-conviction procedures on the claims raised in this petition."

8.    Paragraph 17 is admitted.

9.    Paragraph 18 is admitted, with the stipulation that while most of the claims in the petition may have been raised below, most were also not exhausted.

## III.   RESPONSE TO CLAIMS FOR RELIEF

**A.    Response to the claim that Woods was denied the rights to due process and equal protection where his court-appointed counsel "abandoned" him.**

10.    In paragraphs 19–33, Woods claims that his constitutional rights were violated when his direct appeal counsel, Glennon Threatt, failed to file an application for rehearing in the Court of Criminal Appeals or a petition for writ of certiorari in the Alabama Supreme Court. This claim is answered as follows:

11.    Paragraphs 19–25 are introductory and denied.

**i.    Response to the sub-claim that an out-of-time appeal to the Alabama Supreme Court is appropriate.**

12.    This sub-claim is set forth in paragraphs 26–27 and is answered as follows:

(a)    The factual averments made in support of this claim are denied. The Court of Criminal Appeals addressed this claim on Rule 32 review and deemed

it precluded by Rule 32.2(a)(4) of the Alabama Rules of Criminal Procedure because the claim was raised in the Court of Criminal Appeals and the Alabama Supreme Court on direct appeal.[1] The Court of Criminal Appeals also deemed this claim meritless and correctly dismissed under Rule 32.7(d) of the Alabama Rules of Criminal Procedure because Alabama appellate courts have rejected Woods's arguments. While a defendant is entitled to counsel in his direct appeal, there is no right to counsel in discretionary state appeals—which, in Alabama, includes applications for rehearing and cert petitions.[2] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(b)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings." Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[3]

---

1. *Woods v. State*, CR-10-0695, 2016 WL 1728750, at *16 (Ala. Crim. App. Apr. 29, 2016) (Vol. 32, Tab #R-68).
2. *Id.* at *17–19.
3. 28 U.S.C. § 2254(d).

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

### ii.     Response to the sub-claim that appellate counsel's "abandonment" is presumptively prejudicial.

13.     This claim is set forth in paragraphs 28–31 and is answered as follows:

(a)     The factual averments made in support of this claim are denied. The Court of Criminal Appeals addressed this claim on Rule 32 review and deemed it precluded by Rule 32.2(a)(4) because the claim was raised in the Court of Criminal Appeals and the Alabama Supreme Court on direct appeal.[4] The Court of Criminal Appeals also deemed this claim meritless and correctly dismissed under Rule 32.7(d) because Alabama appellate courts have rejected Woods's arguments. Where there is

_____

4. Vol. 32, Tab #R-68, at *16.

no right to counsel, the appellant must bear the burden of counsel's actions.[5] As Woods was not entitled to counsel for discretionary appeals, he cannot have been prejudiced by counsel's actions.

(b)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings." Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[6]

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review

---

5. *Coleman v. Thompson*, 501 U.S. 722, 752–54 (1991); *see also Wainwright v. Torna*, 455 U.S. 586, 588 n.4 (1982) ("Respondent was not denied due process of law by the fact that counsel deprived him of his right to petition the Florida Supreme Court for review. Such deprivation—even if implicating a due process interest—was caused by his counsel, and not by the state. Certainly, the actions of the Florida Supreme Court in dismissing an application for review that was not timely filed did not deprive respondent of due process of law.").

6. 28 U.S.C. § 2254(d).

by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

### iii. Response to the sub-claim that appellate counsel's "abandonment" resulted in actual prejudice.

14. This claim is set forth in paragraphs 32–33 and is answered as follows:

(a) The factual averments made in support of this claim are denied. The circuit court addressed this claim on Rule 32 review and deemed it precluded by Rule 32.2(a)(4) because the claim was raised in the Court of Criminal Appeals and the Alabama Supreme Court on direct appeal.[7] That court also deemed this claim meritless and properly dismissed under Rule 32.7(d).[8] Again, where there is no right to counsel, the appellant must bear the burden of counsel's actions.[9] As Woods was not entitled to counsel for discretionary appeals, he cannot have been prejudiced by counsel's actions.

---

7. Vol. 30, Tab #R-63, at C. 35.
8. *Id.* at C. 35–38.
9. *Coleman*, 501 U.S. at 752–54; *see also Wainwright*, 455 U.S. at 588 n.4.

(b)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings." Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[10]

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

10. 28 U.S.C. § 2254(d).

**B.**   **Response to the claim that Woods's appeal of his attempted murder conviction was unconstitutionally waived.**

15.    In paragraphs 34–36, Woods claims that his direct appeal counsel waived his appeal of his attempted murder conviction without consulting him and ultimately abandoned him, and that he was entitled to an out-of-time appeal in state court. This claim is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court and Court of Criminal Appeals on Rule 32 review, he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[11]

(b)    This claim is procedurally barred. On Rule 32 review, the Court of Criminal Appeals agreed with the circuit court that this claim was time-barred by Rule 32.2(c) of the Alabama Rules of Criminal Procedure because any appeal of the attempted murder conviction was untimely after January 22, 2007.[12] The Rule 32.2(c) statute of limitations is a procedural bar in federal habeas proceedings.[13]

(c)    The factual averments made in support of this claim are denied.

(d)    Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled

---

11. 28 U.S.C. § 2254(b)(1); *Medellin v. Dretke*, 544 U.S. 660, 666 (2005).
12. Vol. 32, Tab #R-68, at *19–20; *see* R32 Supp. 38–43.
13. *Hurth v. Mitchem*, 400 F.3d 857, 864 (11th Cir. 2005) (noting that Rule 32.2(c) is jurisdictional).

to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

      **C.**    **Response to the claim that the State withheld favorable evidence.**

     16.    In paragraphs 37–39, Woods alleges that the State withheld exculpatory and impeachment evidence from the defense in violation of *Brady v. Maryland*[14] and *Giglio v. United States*.[15] This claim is answered as follows:

       (a)    Woods did not raise this claim until his Rule 32 petition. Therefore, this claim was precluded by Rules 32.2(a)(3) and (a)(5) of the Alabama Rules of Criminal Procedure because it could have been raised at trial or on direct appeal, but was not.[16] The Court of Criminal Appeals has held that a *Brady* claim raised on Rule 32 review is precluded unless it concerns newly discovered evidence

---

14. 373 U.S. 83 (1963).
15. 405 U.S. 150 (1972).
16. *See* Vol. 30, Tab #R-63, at C. 43–45.

or evidence that was allegedly suppressed until such time as the evidence could not be presented at trial.[17] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[18]

      (b)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds.[19] That court found that Woods had failed to plead specific facts showing that he was entitled to relief. The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.[20]

      (c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings." Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;

---

17. *Boyd v. State*, 913 So. 2d 1113, 1142 (Ala. Crim. App. 1142).
18. *Boyd v. Comm'r, Ala. Dep't of Corrs.*, 697 F.3d 1320, 1335 (11th Cir. 2012); *see Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002).
19. Vol. 30, Tab #R-63, at C. 45.
20. The circuit court deemed the claim facially meritless because it only alleged impeachment evidence, which is insufficient under Rule 32.1(e) of the Alabama Rules of Criminal Procedure. Currently, *Brady* claims may be raised under either Rule 32.1(e) or Rule 32.1(a), but the latter are subject to the limitations in Rule 32.2(a). *See Stallworth v. State*, 171 So. 3d 53, 75 (Ala. Crim. App. 2013).

or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[21]

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**D.     Response to the claim that the trial court erroneously admitted evidence of prior bad acts.**

17.     In paragraphs 40–57, Woods alleges that the trial court improperly admitted evidence of Woods's prior bad acts and gave an inadequate limiting instruction. This claim is answered as follows:

18.     Paragraphs 40–42 are introductory and denied.

---

21. 28 U.S.C. § 2254(d).

> ### i. Response to the sub-claim that the court erred by admitting a misdemeanor domestic violence warrant and allowing a witness to testify that he located Woods in the "city files" of arrested individuals.

19. This sub-claim is set forth in paragraphs 43–44 and is answered as follows:

(a) This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[22]

(b) Woods did not raise the claim that the court erred by admitting evidence that he had a misdemeanor domestic violence warrant until his Rule 32 petition. Therefore, the circuit court correctly found that this claim was precluded by Rules 32.2(a)(3) and (a)(5) of the because it could have been raised at trial or on direct appeal, but was not.[23] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[24]

(c) Woods raised (but did not exhaust) on direct appeal the claim that the court erred by permitting testimony that his name was in the "city files."

---

22. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
23. Vol. 30, Tab #R-63, at C. 47.
24. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

Therefore, the circuit court correctly found that this claim was precluded by Rule 32.2(a)(4).[25]

        (d)    The factual averments made in support of this claim are denied. Regarding the "city files" portion of this sub-claim, the Court of Criminal Appeals found no plain error on direct appeal because this testimony was not offered as Rule 404(b) evidence, but rather as part of the witness's explanation of the steps taken to gain information about Woods.[26] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

        (e)    Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on the "city files" portion of this sub-claim because it was "adjudicated on the merits in state court proceedings."[27] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

---

25. Vol. 30, Tab #R-63, at C. 47–48.

26. *Woods v. State*, 13 So. 3d 1, 19–20 (Ala. Crim. App. 2007) (Vol. 23, Tab #R-37).

27. *See, e.g.*, *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

state court proceeding."[28] Moreover, Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

(f)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

   ii.     **Response to the sub-claim that the court erred by admitting evidence of Woods's prior drug sales and gun use.**

20.     This sub-claim is set forth in paragraphs 45–47 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal

_____

28. 28 U.S.C. § 2254(d).

Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[29]

(b)    The factual averments made in support of this claim are denied. Woods raised (but did not exhaust) this claim on direct appeal, and the circuit court correctly found that this claim was precluded by Rule 32.2(a)(4).[30] On direct appeal, the Court of Criminal Appeals found that the admission of evidence of Woods's drug sales and gun use was not plain error because counsel for both sides gave details about Woods and Kerry Spencer's drug operation during their opening statements.[31] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)    Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[32] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[33] Moreover,

---

29. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
30. Vol. 30, Tab #R-63, at C. 47–48.
31. Vol. 23, Tab #R-37, at 20.
32. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
33. 28 U.S.C. § 2254(d).

Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

> **iii.     Response to the sub-claim that the court erred by admitting evidence of Woods's prior conduct toward law enforcement officers.**

21.     This sub-claim is set forth in paragraphs 48–49 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal

Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[34]

(b)      Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that this claim was precluded by Rules 32.2(a)(3) and (a)(5) of the because it could have been raised at trial or on direct appeal, but was not.[35] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[36]

(c)      The factual averments made in support of this claim are denied.

(d)      Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

34. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
35. Vol. 30, Tab #R-63, at C. 48.
36. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

### iv. Response to the sub-claim that the court erred by admitting evidence found in Woods's jail cell.

22.     This sub-claim is set forth in paragraphs 50–53 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[37]

(b)     The factual averments made in support of this claim are denied. Woods raised (but did not exhaust) this claim on direct appeal, and the circuit court correctly found that this claim was precluded by Rule 32.2(a)(4).[38] On direct appeal, the Court of Criminal Appeals held that the items found in Woods's cell were properly admitted "as relevant evidence of Woods's post-crime conduct" and "as an indication of his consciousness of guilt."[39] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[40]

---

37. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
38. Vol. 30, Tab #R-63, at C. 48–49.
39. Vol. 23, Tab #R-37, at 24, 26.
40. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[41] Moreover, Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

41. 28 U.S.C. § 2254(d).

**v.** **Response to the sub-claim that the court gave an inadequate limiting instruction.**

23.    This sub-claim is set forth in paragraphs 54–57 and is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[42]

(b)    Woods did not raise this claim until his Rule 32 petition. Therefore, it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[43] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[44]

(c)    The factual averments made in support of this claim are denied.

(d)    Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled

---

42. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
43. The circuit court did not address this particular sub-claim in its order. *See* Vol. 30, Tab #R-63, at C. 46–50. While Woods raised a claim concerning certain of these sub-claims on direct appeal, all he alleged concerning the limiting instruction was that none was given, Vol. 23, Tab #R-35, at 57, which is quite different than the present claim. *See also* Vol. 23, Tab #R-37, at 18–26 (noting where limiting instructions were given).
44. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**E.     Response to the claim that the venue should have been changed due to pretrial publicity.**

24.     In paragraphs 58–64, Woods alleges that the trial court erred by holding the trial in Jefferson County because of the pretrial publicity. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[45]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3)

_____

45. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.

and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[46]

The Eleventh Circuit has "squarely held" that claims barred by these rules are

procedurally defaulted from habeas review.[47]

      (c)     The factual averments made in support of this claim are denied.

This claim was addressed by the circuit court on Rule 32 review and denied on Rule

32.6(b) grounds. That court found that Woods failed to plead specific facts showing

either that the community was saturated with prejudicial publicity so as to create a

presumption of prejudice or that his jury was actually prejudiced.[48] The state court

findings of fact, as well as the transcript from the state court proceedings, constitute

the proper factual basis for consideration of this claim.

      (d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted

on this claim because it was "adjudicated on the merits in state court proceedings."[49]

Woods cannot show that the denial of relief on this claim in state court "(1) resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States;

or (2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding."[50] While Woods

---

46. Vol. 30, Tab #R-63, at C. 50.
47. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.
48. Vol. 30, Tab #R-63, at C. 51.
49. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
50. 28 U.S.C. § 2254(d).

cites several Supreme Court decisions concerning the right to a change of venue,[51] all of the cases he references involve situations in which an impartial jury cannot be struck due to overwhelming pretrial publicity or community prejudice. Woods's situation is distinguishable because he could not make a showing of prejudice sufficient to mandate a change of venue prior.

      (e)    Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

51. Doc. 23 ¶ 58 (citing *Sheppard v. Maxwell*, 384 U.S. 333, 362–63 (1966); *Estes v. Texas*, 381 U.S. 532, 583–84 (1965); *Rideau v. Louisiana*, 373 U.S. 723, 731 (1963); *Irvin v. Dowd*, 366 U.S. 717, 726 (1961)).

**F.     Response to the claim that the trial court gave an inadequate instruction on specific intent.**

25.     In paragraphs 65–67, Woods alleges that the trial court did not adequately instruct the jury on the definition of specific intent. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[52]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[53] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[54]

(c)     The factual averments made in support of this claim are denied. Moreover, as the Eleventh Circuit has explained:

A jury instruction that "was allegedly incorrect under state law is not a basis for habeas relief" because federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Unlike state appellate courts, federal courts on habeas review are constrained to determine only whether the

---

52. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
53. Vol. 30, Tab #R-63, at C. 52.
54. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

challenged instruction, viewed in the context of both the entire charge and the trial record, "'so infected the entire trial that the resulting conviction violate[d] due process.'"[55]

Woods has not made this showing.

       (d)    Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

       **G.**    **Response to the claim that the State's closing argument shifted the burden of proof to the defense.**

       26.    In paragraphs 68–70, Woods alleges the State improperly shifted the burden of proof to the defense in its guilt-phase closing argument. This claim is answered as follows:

---

55. *Jamerson v. Sec'y for Dep't of Corrs.*, 410 F.3d 682, 688 (11th Cir. 2005) (citations omitted).

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[56]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[57] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[58]

(c)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied as facially meritless. The court held that Woods failed to show that the prosecutor's challenged argument was improper or that it infected the trial with unfairness sufficient to make Woods's conviction a denial of due process.[59] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim. Moreover, Woods has shown nothing warranting relief:

---

56. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
57. Vol. 30, Tab #R-63, at C. 54–55.
58. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.
59. Vol. 30, Tab #R-63, at C. 55–56.

Prosecutorial misconduct is a basis for reversing a defendant's conviction only if, in the context of the entire trial and in light of any curative instruction, the misconduct may have prejudiced the substantial rights of the accused. *United States v. Odom*, 858 F.2d 664 (11th Cir. 1988); *United States v. Collins*, 779 F.2d 1520 (11th Cir. 1986). *See United States v. Harmas*, 974 F.2d 1262, 1269 (11th Cir. 1992) ("A prosecutor's comments [in closing argument] must be viewed in the context of the record as a whole, and will be the basis of reversal only if they result in prejudice affecting the substantial rights of the defendant."). A prejudicial remark may be rendered harmless by a curative instruction. *United States v. Lichenstein*, 610 F.2d 1272 (5th Cir. 1980). The Supreme Court has determined that "it is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Darden v. Wainwright*, 699 F.2d 1031, 1036 (11th Cir. 1983)). The relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Isolated passages of a prosecutor's argument, even if imperfect, do not suggest that a jury will be so profoundly affected so as to affect the fundamental fairness of a trial. *Id.* at 646-47. The appropriate standard of review for such a claim on writ of habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.* at 642.[60]

The alleged error does not mandate habeas relief.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings." Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;

---

60. *Abbott v. Gordy*, No. 1:14-cv-597-MHT, 2016 WL 7650656 (M.D. Ala. Nov. 15, 2016).

or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[61]

(e) Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**H.      Response to the claim that the trial court failed to instruct the jury on manslaughter.**

27.      In paragraphs 71–74, Woods alleges that the trial court should have instructed the jury on the lesser included offense of manslaughter. This claim is answered as follows:

(a) This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal

_____

61. 28 U.S.C. § 2254(d).

Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[62]

(b)    Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[63] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[64]

(c)    The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods failed to plead sufficient facts establishing that the evidence supported a jury instruction on manslaughter and that the trial court reversibly erred by failing to give the instruction.[65] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d)    Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[66] Woods cannot show that the denial of relief on this claim in state court "(1) resulted

---

62. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
63. Vol. 30, Tab #R-63, at C. 56.
64. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.
65. Vol. 30, Tab #R-63, at C. 57.
66. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[67] Woods's reliance on *Beck v. Alabama*[68] is misplaced because he failed to show that he was entitled to a manslaughter instruction.

(e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

67. 28 U.S.C. § 2254(d).
68. 447 U.S. 625, 638 (1980).

## I.    Response to the claim that the State violated *Batson* in striking the jury.

28.    In paragraph 75, Woods alleges that the State struck members of the venire in a racially discriminatory fashion in violation of *Batson v. Kentucky*.[69] This claim is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[70]

(b)    Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[71] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[72]

(c)    The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods failed to plead sufficient facts in

---

69. 476 U.S. 79 (1986).
70. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
71. Vol. 30, Tab #R-63, at C. 58.
72. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

support of his *Batson* claim.[73] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[74] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[75] Here, Woods made no showing of any impermissible removal of veniremembers or argument for why the State violated *Batson* beyond citing mere numbers[76] and five appellate decisions in which the Jefferson County District Attorney's Office was found to have violated *Batson* in trials conducted at least fifteen years before Woods's, under a different administration.[77]

---

73. Vol. 30, Tab #R-63, at C. 58–59.
74. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
75. 28 U.S.C. § 2254(d).
76. *See, e.g.*, *Cent. Ala. Fair Housing Ctr., Inc., v. Lowder Realty Co., Inc.*, 236 F.3d 629, 637 (11th Cir. 2000) ("A party advancing a *Batson* argument ordinarily should 'come forward with facts, not just numbers alone.'").
77. *See* Doc. 23 ¶ 75 (citing *Ex parte Williams*, 571 So. 2d 987 (Ala. 1990) (tried between 1986–89); *Miesner v. State*, 665 So. 2d 978 (Ala Crim. App. 1995) (tried approx. 1993); *Hodge v. State*, 665 So. 2d 959 (Ala. Crim. App. 1995)

(e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

## J.     Response to the claim that the trial court improperly admitted victim impact testimony during the guilt phase of the trial.

29.     In paragraph 76, Woods alleges that the trial court erred by permitting the widows of the three slain officers to testify as to the impact of their husbands' deaths during the guilt phase of the trial. This claim is answered as follows:

---

(tried approx. 1993)). At the time of Woods's trial, Brandon Falls was the Jefferson County District Attorney. *See, e.g.*, Eric Velasco, *Brandon Falls Defeats Theo Lawson in Race for Jefferson County District Attorney*, AL.COM (Nov. 2, 2010, 11:19 PM), https://goo.gl/lpQKWg (noting that Falls was appointed in 2008). The referenced trials took place under the David Barber administration. *See, e.g.*, John A. MacDonald, *Jefferson County District Attorney David Barber Says He's About to Resign*, AL.COM (July 24, 2008, 6:32 PM), https://goo.gl/gcTJup (noting that Barber had been district attorney since 1984).

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[78]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[79] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[80]

(c)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied as facially meritless. The court held that the evidence Woods challenged did not actually constitute improper victim impact evidence, and its admission was therefore not erroneous.[81] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

---

78. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
79. Vol. 30, Tab #R-63, at C. 59–60.
80. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.
81. Vol. 30, Tab #R-63, at C. 60.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[82] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[83] Moreover, Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

(e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by

---

82. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
83. 28 U.S.C. § 2254(d).

clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**K.** **Response to the claim that the trial court erred by double-counting.**

30.    In paragraphs 77–78, Woods alleges that the trial court erred by "double counting," or using an aggravating circumstance established by the guilt-phase verdict as an aggravating circumstance for penalty-phase purposes. This claim is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[84]

(b)    Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[85] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[86]

---

84. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
85. Vol. 30, Tab #R-63, at C. 61.
86. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

(c)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied as facially meritless, as double counting is a constitutional practice.[87] The Court of Criminal Appeals agreed that this claim was meritless.[88] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[89] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the

---

87. Vol. 30, Tab #R-63, at C. 61–62; *see, e.g.*, ALA. CODE § 13A-5-50 (1975); *Ex parte Waldrop*, 859 So. 2d 1181, 1187–88 (Ala. 2002); *Ex parte Kennedy*, 472 So. 2d 1106, 1108 (Ala. 1985); *Lam Luong v. State*, 199 So. 3d 172, 231 (Ala. Crim. App. 2015); *Shanklin v. State*, 187 So. 3d 734, 803–04 (Ala. Crim. App. 2014); *Wiggins v. State*, 193 So. 3d 765, 820–21 (Ala. Crim. App. 2014); *see also Bohannon v. Alabama*, No. 16-16746, 2017 WL 276218 (Jan. 23, 2017) (denying certiorari in case raising issue of double counting).
88. Vol. 32, Tab #R-68, at *22.
89. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

facts in light of the evidence presented in the state court proceeding,"[90] particularly as the Supreme Court has held that double counting is constitutional.[91]

      (e)    Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

90. 28 U.S.C. § 2254(d).
91. *Lowenfield v. Phelps*, 474 U.S. 231, 246 (1988) ("The fact that the sentencing jury is also required to find the existence of an aggravating circumstance in addition is no part of the constitutionally required narrowing process, and so the fact that the aggravating circumstance duplicated one of the elements of the crime does not make this sentence constitutionally infirm.").

**L.     Response to the claim that the trial court erred by admitting hearsay evidence in the form of police dispatch tapes.**

31.     In paragraph 79, Woods alleges that the trial court erred by admitting testimony in the form of police dispatch tapes that established the existence of a warrant against Woods. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[92]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[93] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[94]

(c)     The factual averments made in support of this claim are denied.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2),

---

92. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
93. Vol. 30, Tab #R-63, at C. 63–64.
94. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**M.    Response to the claim that the trial court erred by allowing a witness to testify to the statement of an unidentified man.**

32.    In paragraph 80, Woods alleges that the trial court erred by allowing a State witness to testify to the statement of an unidentified man in Woods's neighborhood. This claim is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[95]

(b)    Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3)

---

95. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.

and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[96] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[97]

(c)     The factual averments made in support of this claim are denied.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

N.      **Response to the claim that the trial court erred by allowing a State's witness to testify to the hearsay statements of Woods's codefendant.**

33.     In paragraph 81, Woods alleges that the trial court erred by admitting double hearsay testimony when a State witness testified that one of the victim

_____

96. Vol. 30, Tab #R-63, at C. 64.
97. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

officers told him that an individual inside the apartment where the murders occurred had identified himself as Nathaniel Woods. This claim is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[98]

(b)    Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[99] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[100]

(c)    The factual averments made in support of this claim are denied.

(d)    Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that

---

98. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
99. Vol. 30, Tab #R-63, at C. 65.
100. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

### O. Response to the claim that the trial court erred by failing to secure a reliable and accurate record of the proceedings.

34.     In paragraphs 82–83, Woods alleges that the trial court erred by failing to secure a reliable and accurate record of the proceedings in his case. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[101]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[102] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[103]

---

101. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
102. Vol. 30, Tab #R-63, at C. 66.
103. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

(c)     The factual averments made in support of this claim are denied.

This claim was addressed by the circuit court on Rule 32 review and denied on Rule

32.6(b) grounds, as Woods failed to plead sufficient facts that would entitle him to

relief.[104] The state court findings of fact, as well as the transcript from the state court

proceedings, constitute the proper factual basis for consideration of this claim.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted

on this claim because it was "adjudicated on the merits in state court proceedings."[105]

Woods cannot show that the denial of relief on this claim in state court "(1) resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States;

or (2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding."[106] Moreover,

Woods cites no case from the Supreme Court showing that he is entitled to relief on

this claim.

(e)     Without waiving the foregoing, to the extent that Woods failed

to develop the factual basis for this claim in state court proceedings, he is not entitled

to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2),

Woods is not entitled to an evidentiary hearing on this claim because it is not based

---

104. Vol. 30, Tab #R-63, at C. 66–67.
105. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
106. 28 U.S.C. § 2254(d).

on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**P.    Response to the claim that the trial court erred by permitting the introduction of photographs of the victims' injuries.**

35.    In paragraph 84, Woods alleges that the trial court erred by allowing the State to introduce "gruesome, cumulative, and highly prejudicial photographs" of the victims' injuries. This claim is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[107]

(b)    Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was

_____

107. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.

not.[108] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[109]

(c)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied as facially meritless, as "[i]t is well settled that photographs depicting the crime scene and the nature of the victims' wounds are relevant and admissible, even if the photographs are gruesome, cumulative, or relate to an undisputed matter."[110] The Court of Criminal Appeals agreed that this claim was meritless.[111] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[112] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;

---

108. Vol. 30, Tab #R-63, at C. 67–68.
109. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.
110. Vol. 30, Tab #R-63, at C. 68; *see, e.g.*, *Ex parte Loggins*, 771 So. 2d 1093, 1102–05 (Ala. 2000); *Ex parte Siebert*, 555 So. 2d 780, 783–84 (Ala. 1989); *Brooks v. State*, 973 So. 2d 380, 393 (Ala. Crim. App. 2007); *Broadnax v. State*, 825 So. 2d 134, 159 (Ala. Crim. App. 2000).
111. Vol. 32, Tab #R-68, at *22.
112. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[113] Moreover, Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

(e)    Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

### Q.    Response to the claim that the trial court prejudged Woods's guilt.

36.    In paragraphs 85–86, Woods alleges that the trial court prejudged his guilt. This claim is answered as follows:

---

113. 28 U.S.C. § 2254(d).

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[114]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[115] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[116]

(c)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds, as Woods failed to plead sufficient facts that would entitle him to relief.[117] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[118] Woods cannot show that the denial of relief on this claim in state court "(1) resulted

---

114. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
115. Vol. 30, Tab #R-63, at C. 69.
116. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.
117. Vol. 30, Tab #R-63, at C. 69–70.
118. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[119] Moreover, Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

(e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

119. 28 U.S.C. § 2254(d).

**R.** **Response to the claim that the trial court erred by allowing uniformed law enforcement officers to "pack" the courtroom during the trial.**

37.     In paragraphs 87–88, Woods alleges that the trial court erred by allowing uniformed police officers to "crowd[]" the courtroom during his trial, thereby intimidating the jury. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[120]

(b)     The circuit court correctly found that this claim was precluded by Rules 32.2(a)(2) and (a)(5) because it was raised and rejected at trial and because it could have been raised on direct appeal, but was not.[121] The Eleventh Circuit has "squarely held" that claims barred by Rule 32.2(a)(5) are procedurally defaulted from habeas review.[122]

(c)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds, as Woods failed to plead sufficient facts that would entitle him to relief. For example, Woods failed to plead facts showing that law enforcement

---

120. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
121. Vol. 30, Tab #R-63, at C. 70–71.
122. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

officers prejudiced or intimidated any juror or that the trial court erred by denying his motion.[123] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[124] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[125] Moreover, Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

(e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that

---

123. Vol. 30, Tab #R-63, at C. 71.
124. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
125. 28 U.S.C. § 2254(d).

could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

> **S.** **Response to the claim that the trial court erred by allowing the State to introduce testimony from its handwriting expert without first establishing a proved handwriting.**

38.     In paragraphs 89–90, Woods alleges that the trial court erred by allowing the State to submit the testimony of handwriting expert Steven Drexler without first establishing a proved handwriting. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[126]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was

---

126. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.

not.[127] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[128]

(c)      The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds, as Woods failed to plead sufficient facts that would entitle him to relief.[129] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d)      Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[130] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[131] Moreover, Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

---

127. Vol. 30, Tab #R-63, at C. 72.
128. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.
129. Vol. 30, Tab #R-63, at C. 72–73.
130. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
131. 28 U.S.C. § 2254(d).

(e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**T.     Response to the claim that the trial court improperly constructed the strike list.**

39.     In paragraph 91, Woods alleges that the trial court improperly constructed the strike list by eliminating jurors whose last names fell past a certain point in the alphabetical venire list. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[132]

_____

132. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.

(b)    Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[133] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[134]

(c)    The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods failed to plead facts sufficient to establish grounds for relief. For example, he failed to plead facts showing that the jury was not impartial or that the trial court's method of constructing the strike list constituted error.[135] Moreover, the circuit court denied this claim as facially meritless because it was internally inconsistent: Woods argued both that the court arbitrarily selected the panel and that the court erred by failing to use random sampling to select the panel.[136] The Court of Criminal Appeals agreed that this claim was meritless.[137] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

---

133. Vol. 30, Tab #R-63, at C. 73–74.
134. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.
135. Vol. 30, Tab #R-63, at C. 74.
136. *Id.*
137. Vol. 32, Tab #R-68, at *22.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[138] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[139] Moreover, Woods cites no case from the Supreme Court showing that he is entitled to relief on this claim.

(e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by

---

138. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
139. 28 U.S.C. § 2254(d).

clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**U. Response to the claim that the trial court erred by allowing state witnesses to give sentencing recommendations.**

40.     In paragraph 92, Woods alleges that the trial court erred by allowing the victims' widows to ask for a death sentence. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[140]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[141] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[142]

(c)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied both on

---

140. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
141. Vol. 30, Tab #R-63, at C. 73–74.
142. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

Rule 32.2(a)(4) grounds because it was addressed on direct appeal and because it was meritless.[143] As the Court of Criminal Appeals explained in the earlier opinion:

> During the State's rebuttal case at the penalty phase, the prosecutor asked Bobbie Owen what she thought the appropriate sentence would be in this case, and defense counsel objected and cited Rules 401 and 403, Ala. R. Evid. (R. 1841–42.) When the prosecutor asked the same question of Susan Bennett and Stacy Sellers, Woods did not object. Each witness testified that she thought a death sentence would be appropriate. On appeal, Woods does not raise this issue. We note, nonetheless, that the trial court acted well within its discretion to permit this testimony because during the defense case, Woods asked the witnesses what sentence they believed was appropriate and they testified that a life-imprisonment-without-parole sentence would be appropriate for him. (R. 1804, 1810–11, 1819, 1825–26.) *See, e.g., Ex parte D.L.H.*, 806 So. 2d 1190, 1193 (Ala. 2001) ("When one party opens the door to otherwise inadmissible evidence, the doctrine of 'curative admissibility' provides the opposing party with 'the right to rebut such evidence with other illegal evidence.' *McElroy's Alabama Evidence,* § 14.01, p. 49 (5th ed. 1996)."). Testimony from a victim's family member as to a sentencing recommendation is generally not admissible in a capital case. *See, e.g., Stallworth v. State*, 868 So. 2d 1128, 1176 (Ala. Crim. App. 2001). Because Woods offered such testimony at the penalty phase of his trial, however, we find that, under the facts of this case, no plain error occurred as a result of the State's witnesses' testimony in rebuttal about a recommended sentence.[144]

The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[145]

---

143. Vol. 30, Tab #R-63, at C. 75–77.
144. Vol. 23, Tab #R-37, at 36 n.6.
145. *See, e.g., Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[146] While Woods relies on *Payne v. Tennessee*,[147] he makes no specific argument as to how that decision mandates habeas relief in these circumstances.

        (e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

146. 28 U.S.C. § 2254(d).
147. 501 U.S. 808 (1991).

**V.   Response to the claim that the trial court erred by allowing rebuttal victim impact testimony during the penalty phase.**

41.     In paragraph 93, Woods alleges that the trial court erred by allowing the State to introduce victim impact testimony in rebuttal to the defense's mitigation evidence. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[148]

(b)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds.[149] That court found that Woods had failed to "mention what specific item(s) of evidence he is challenging," much less plead specific facts entitling him to relief.[150] The circuit court also denied this claim on Rule 32.2(a)(4) grounds because it was addressed on direct appeal.[151] As the Court of Criminal Appeals explained in the earlier opinion:

> Here, the testimony provided by the officers' widows was offered to show that each officer's death caused a unique loss to his family and to show the impact the murders had on the family members. Part of that testimony, the portion about which Woods apparently is complaining

---

148. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
149. Vol. 30, Tab #R-63, at C. 77–78.
150. *Id.* at C. 78.
151. *Id.* at 78–79.

here, was elicited to show that Officer Owen was married and had children and grandchildren, that Officer Bennett was married and had a child, and that Officer Chisolm was married and had planned to start a family. This testimony was offered in rebuttal to the evidence Woods offered as mitigation—that he was a father of three children whom he loved very much. This was legitimate victim-impact evidence, which we have previously held to be admissible during the penalty phase of a capital-murder trial. *See, e.g.*, *Belisle v. State*, 11 So. 3d 256, 317 (Ala. Crim. App. 2007). The trial court did not abuse its discretion when it permitted the witnesses to testify about the victims and their families.[152]

The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(d) Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[153] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[154] While Woods relies on *Woodson v. North Carolina*,[155] he makes no specific argument as to how that decision mandates habeas relief in these circumstances.

---

152. Vol. 23, Tab #R-37, at 35–36.
153. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
154. 28 U.S.C. § 2254(d).
155. 428 U.S. 280, 305 (1976).

(e)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**W.     Response to the claim that the trial court misled the jury about the weighing process at sentencing.**

42.     In paragraphs 94–96, Woods alleges that the trial court improperly instructed the jury regarding the weighing process during the penalty phase. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[156]

---

156. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[157] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[158]

(c)     The factual averments made in support of this claim are denied.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

157. Vol. 30, Tab #R-63, at C. 80.
158. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

**X.** **Response to the claim that the trial court considered extraneous evidence in sentencing Woods.**

43.     In paragraph 97, Woods alleges that the trial court erred by considering the letter he wrote a victim's widow after the trial in sentencing Woods. This claim is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to raise it in the Court of Criminal Appeals or the Alabama Supreme Court. Therefore, this claim is not properly before this Court.[159]

(b)     Woods did not raise this claim until his Rule 32 petition. Therefore, the circuit court correctly found that it was precluded by Rules 32.2(a)(3) and (a)(5) because it could have been raised at trial or on direct appeal, but was not.[160] The Eleventh Circuit has "squarely held" that claims barred by these rules are procedurally defaulted from habeas review.[161]

(c)     The factual averments made in support of this claim are denied.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2),

---

159. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
160. Vol. 30, Tab #R-63, at C. 81.
161. *Boyd*, 697 F.3d at 1335; *see Brownlee*, 306 F.3d at 1066.

Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**Y.     Response to the claim that Woods was denied effective assistance of counsel during the guilt phase of his trial.**

44.     In paragraphs 98–142, Woods claims that his counsel rendered ineffective assistance during the guilt phase of his trial in several ways. This claim is answered as follows:

45.     Paragraphs 98–100 are introductory and denied.

**i.     Response to the sub-claim that trial counsel failed to adequately investigate and present evidence in support of Woods's defense.**

46.     This sub-claim is set forth in paragraphs 101–115 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review,

he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[162]

       (b)    The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's claims "lack[ed] the requisite specificity to warrant an evidentiary hearing" and were "wholly conclusory."[163] Moreover, the Court of Criminal Appeals affirmed the denial of certain portions of this claim as insufficiently pleaded:

- Counsel failed to secure a handwriting expert[164]

- Counsel failed to obtain independent testing of Woods's shirt for mace[165]

- Counsel failed to obtain independent evaluation of latent fingerprints and a shoe print[166]

- Counsel failed to investigate and present evidence of law enforcement corruption[167]

- Counsel failed to investigate and present evidence in support of a voluntary intoxication defense[168]

- Counsel failed to request a jury instruction on manslaughter[169]

---

162. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
163. Vol. 30, Tab #R-63, at C. 84; *see id.* at C. 83–87.
164. Vol. 32, Tab #R-68, at *7–9.
165. *Id.* at *9–11.
166. *Id.*
167. *Id.* at *11–12.
168. *Id.* at *12–13.
169. *Id.* at *13–14.

- Counsel failed to investigate and present evidence about the roles that Woods and Spencer played in the drug house[170]

- Counsel failed to obtain the complete record from Spencer's trial[171]

The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[172] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[173] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[174] Woods has made no showing that he is entitled to habeas relief.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled

---

170. *Id.* at *16.
171. *Id.* at *16.
172. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
173. 28 U.S.C. § 2254(d).
174. *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

> ii. **Response to the sub-claim that trial counsel provided ineffective assistance prior to trial.**

47. This sub-claim is set forth in paragraphs 116–117 and is answered as follows:

(a) This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review, he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[175]

(b) The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's claims "lack[ed] the requisite

_____

175. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.

specificity to warrant an evidentiary hearing" and were "wholly conclusory."[176] The

state court findings of fact, as well as the transcript from the state court proceedings,

constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted

on this claim because it was "adjudicated on the merits in state court proceedings."[177]

Woods cannot show that the denial of relief on this claim in state court "(1) resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States;

or (2) resulted in a decision that was based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceeding."[178] Moreover,

this claim alleges ineffective assistance of counsel. A state court's merits

adjudication of such a claim is entitled to double deference due to AEDPA.[179] Woods

has made no showing that he is entitled to habeas relief.

(d)     Without waiving the foregoing, to the extent that Woods failed

to develop the factual basis for this claim in state court proceedings, he is not entitled

to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2),

Woods is not entitled to an evidentiary hearing on this claim because it is not based

---

176. Vol. 30, Tab #R-63, at C.; *see id.* at C. 83–87.
177. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
178. 28 U.S.C. § 2254(d).
179. *Harrington*, 562 U.S. at 105.

on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

> ### iii.    Response to the sub-claim that trial counsel provided ineffective assistance during jury selection.

48.    This sub-claim is set forth in paragraphs 118–121 and is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review, he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[180]

(b)    The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's claims "lack[ed] the requisite specificity to warrant an evidentiary hearing" and were "wholly conclusory."[181] The

---

180. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
181. Vol. 30, Tab #R-63, at C.; *see id.* at C. 83–87.

state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c) Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[182] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[183] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[184] While Woods cites several Supreme Court decisions, he makes no specific argument as to how any of these decisions mandate habeas relief in the particular circumstances of his case.

(d) Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based

---

182. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
183. 28 U.S.C. § 2254(d).
184. *Harrington*, 562 U.S. at 105.

on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

### iv. Response to the sub-claim that trial counsel failed to subject the State's case to adequate adversarial testing at trial.

49.     This sub-claim is set forth in paragraphs 122–142 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review, he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[185]

(b)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's claims "lack[ed] the requisite specificity to warrant an evidentiary hearing" and were "wholly conclusory."[186] The

---

185. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
186. Vol. 30, Tab #R-63, at C.; *see id.* at C. 83–87.

state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[187] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[188] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[189] While Woods cites several Supreme Court decisions, he makes no specific argument as to how any of these decisions mandate habeas relief in the particular circumstances of his case.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based

---

187. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
188. 28 U.S.C. § 2254(d).
189. *Harrington*, 562 U.S. at 105.

on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**Z. Response to the claim that Woods was denied effective assistance of counsel during the penalty and sentencing phases of his trial.**

50. In paragraphs 143–178, Woods claims that his counsel rendered ineffective assistance during the penalty and sentencing phases of his trial in several ways. This claim is answered as follows:

51. Paragraphs 143–146 are introductory and denied.

**i. Response to the sub-claim that trial counsel failed to discover readily available mitigation evidence and meaningfully present the mitigation evidence they did discover.**

52. This sub-claim is set forth in paragraphs 147–161 and is answered as follows:

(a) This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review,

he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[190]

(b)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's "conclusory" claims were "insufficient to raise a cognizable IAC claim."[191] The circuit court also denied this claim as precluded by Rule 32.2(a)(4) and meritless,[192] as the Court of Criminal Appeals had rejected this claim on direct appeal.[193] In the earlier proceeding, the Court of Criminal Appeals found that the claim was unsupported by the record and that Woods provided nothing showing that he was prejudiced.[194] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[195] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

190. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
191. Vol. 30, Tab #R-63, at C.; *see id.* at C. 87–90.
192. Vol. 30, Tab #R-63, at C. 90–92.
193. Vol. 30, Tab #R-63, at C. 91.
194. Vol. 23, Tab #R-37, at 36–38.
195. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[196] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[197] While Woods cites several Supreme Court decisions, he makes no specific argument as to how any of these decisions mandate habeas relief in the particular circumstances of his case.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

196. 28 U.S.C. § 2254(d).
197. *Harrington*, 562 U.S. at 105.

ii.     **Response to the sub-claim that trial counsel failed to adequately advise Woods about testifying on his own behalf.**

53.     This sub-claim is set forth in paragraphs 162–164 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review, he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[198]

(b)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's "conclusory" claims were "insufficient to raise a cognizable IAC claim."[199] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[200] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

198. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
199. Vol. 30, Tab #R-63, at C.; *see id.* at C. 87–90.
200. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[201] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[202] While Woods cites two Supreme Court decisions, he makes no specific argument as to how these decisions mandate habeas relief in the particular circumstances of his case.

        (d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

201. 28 U.S.C. § 2254(d).
202. *Harrington*, 562 U.S. at 105.

### iii. Response to the sub-claim that trial counsel failed to present evidence establishing Woods's intellectual disability.

54.     This sub-claim is set forth in paragraphs 165–166 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review, he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[203]

(b)     The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's "conclusory" claims were "insufficient to raise a cognizable IAC claim."[204] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[205] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

---

203. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
204. Vol. 30, Tab #R-63, at C.; *see id.* at C. 87–90.
205. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[206] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[207] While Woods cites several Supreme Court decisions, he makes no specific argument as to how any of these decisions mandate habeas relief in the particular circumstances of his case.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

206. 28 U.S.C. § 2254(d).
207. *Harrington*, 562 U.S. at 105.

### iv.  Response to the sub-claim that trial counsel failed to elicit testimony from key mitigation witnesses.

55.    This sub-claim is set forth in paragraphs 167–173 and is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review, he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is not properly before this Court.[208]

(b)    The factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's "conclusory" claims were "insufficient to raise a cognizable IAC claim."[209] The circuit court also denied this claim as precluded by Rule 32.2(a)(4) and meritless,[210] as the Court of Criminal Appeals had rejected this claim on direct appeal.[211] In the earlier proceeding, the Court of Criminal Appeals found that the claim was unsupported by the record and that Woods provided nothing showing that he was prejudiced.[212] The state court

---

208. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
209. Vol. 30, Tab #R-63, at C.; *see id.* at C. 87–90.
210. *Id.* at C. 90–92.
211. Vol. 30, Tab #R-63, at C. 91.
212. Vol. 23, Tab #R-37, at 36–38.

findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[213] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[214] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[215] While Woods cites several Supreme Court decisions, he makes no specific argument as to how any of these decisions mandate habeas relief in the particular circumstances of his case.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based

---

213. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
214. 28 U.S.C. § 2254(d).
215. *Harrington*, 562 U.S. at 105.

on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

> **v.    Response to the sub-claim that trial counsel failed to subject the State's submissions in favor of the death penalty to adequate adversarial testing.**

56.    This sub-claim is set forth in paragraphs 174–178 and is answered as follows:

(a)    This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review, he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is procedurally defaulted.[216]

(b)    In the alternative, the factual averments made in support of this claim are denied. This claim was addressed by the circuit court on Rule 32 review and dismissed pursuant to Rule 32.6(b). That court found that Woods's "conclusory" claims were "insufficient to raise a cognizable IAC claim."[217] The state court

---

216. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
217. Vol. 30, Tab #R-63, at C. 89; *see id.* at C. 87–90.

findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[218] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[219] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[220] While Woods cites several Supreme Court decisions, he makes no specific argument as to how any of these decisions mandate habeas relief in the particular circumstances of his case.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based

---

218. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
219. 28 U.S.C. § 2254(d).
220. *Harrington*, 562 U.S. at 105.

on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**AA. Response to the claim that Woods was denied effective assistance of appellate counsel.**

57. In paragraphs 179–192, Woods claims that his appellate counsel rendered ineffective assistance on direct appeal. This claim is answered as follows:

**i. Response to the sub-claim that appellate counsel rendered ineffective assistance due to a conflict of interest.**

58. This sub-claim is set forth in paragraphs 179–185 and is answered as follows:

(a) This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to present it to the Court of Criminal Appeals or Alabama Supreme Court. Therefore, this claim is procedurally defaulted from habeas review.[221]

---

221. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.

(b)　　The factual averments made in support of this claim are denied. In the alternative, this claim was addressed by the circuit court on Rule 32 review and denied on Rule 32.6(b) grounds. That court found that Woods's "conclusory" claims were "insufficient to raise a cognizable IAC claim."[222] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)　　Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[223] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[224] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[225] While Woods cites several Supreme Court decisions, he makes no specific argument as to

---

222. Vol. 30, Tab #R-63, at C. 94; *see id.* at C. 92–95.
223. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
224. 28 U.S.C. § 2254(d).
225. *Harrington*, 562 U.S. at 105.

how any of these decisions mandate habeas relief in the particular circumstances of his case.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

### ii.     Response to the sub-claim that appellate counsel failed to request meaningful proportionality review.

59.     This sub-claim is set forth in paragraphs 186–190 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court on Rule 32 review, he failed to present it to the Court of Criminal

Appeals or Alabama Supreme Court. Therefore, this claim is procedurally defaulted from this Court's review.[226]

(b)     The factual averments made in support of this claim are denied. In the alternative, this claim was addressed by the circuit court on Rule 32 review and dismissed pursuant to Rule 32.6(b). That court found that Woods's "conclusory" claims were "insufficient to raise a cognizable IAC claim."[227] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[228] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[229] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[230] While

---

226. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
227. Vol. 30, Tab #R-63, at C. 94; *see id.* at C. 92–95.
228. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.
229. 28 U.S.C. § 2254(d).
230. *Harrington*, 562 U.S. at 105.

Woods cites several Supreme Court decisions, he makes no specific argument as to how any of these decisions mandate habeas relief in the particular circumstances of his case.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

### iii.     Response to the sub-claim that appellate counsel failed to raise meritorious claims.

60.     This sub-claim is set forth in paragraphs 191–192 and is answered as follows:

(a)     This claim was not exhausted. While Woods raised this claim in the circuit court and (in part) in the Court of Criminal Appeals on Rule 32 review,

he failed to present it to the Alabama Supreme Court in his petition for certiorari. Therefore, this claim is procedurally defaulted from this Court's review.[231]

(b)     The factual averments made in support of this claim are denied. In the alternative, this claim was addressed by the circuit court on Rule 32 review and dismissed pursuant to Rule 32.6(b). That court found that Woods's "conclusory" claims were "insufficient to raise a cognizable IAC claim."[232] The Court of Criminal Appeals affirmed, explaining that Woods was required to "do more than merely recite a laundry list of issues that he . . . says should have been raised" and that he was required to not only plead the substantive issues, but also plead how he was prejudiced by counsel's failure to raise the substantive issues.[233] The state court findings of fact, as well as the transcript from the state court proceedings, constitute the proper factual basis for consideration of this claim.

(c)     Pursuant to 28 U.S.C. § 2254(d), habeas relief cannot be granted on this claim because it was "adjudicated on the merits in state court proceedings."[234] Woods cannot show that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;

---

231. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
232. Vol. 30, Tab #R-63, at C. 94; *see id.* at C. 92–95.
233. Vol. 32, Tab #R-68, at *21.
234. *See, e.g.*, *Cullen*, 563 U.S. at 181; *Harrington*, 562 U.S. at 98.

or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[235] Moreover, this claim alleges ineffective assistance of counsel. A state court's merits adjudication of such a claim is entitled to double deference due to AEDPA.[236] While Woods cites several Supreme Court decisions, he makes no specific argument as to how any of these decisions mandate habeas relief in the particular circumstances of his case.

      (d)    Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

235. 28 U.S.C. § 2254(d).
236. *Harrington*, 562 U.S. at 105.

**BB. Response to Woods's *Martinez* claims.**

61.    In paragraphs 193–238, Woods claims that his postconviction counsel rendered ineffective assistance on Rule 32 review. This claim is answered as follows:

> **i.    Response to the claim that trial counsel rendered ineffective assistance for failing to adequately advise Woods about the State's plea offer.**

62.    This sub-claim is set forth in paragraphs 195–201 and is answered as follows:

(a)    This claim is insufficiently pleaded. Pursuant to 28 U.S.C. § 2254(e)(1) and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, Woods was obligated to state the facts supporting each ground for relief in his petition. Here, he offered no record citation to any plea agreement in the record, no citation to any discussion of a plea, and no supporting documentation to support his claim. Moreover, Woods failed to plead facts showing that postconviction counsel's failure to raise this claim was indeed ineffective. Therefore, this claim is insufficiently pleaded to meet the threshold for a *Martinez v. Ryan*[237] claim.

(b)    The factual averments made in support of this claim are denied.

_____

237. 566 U.S. 1 (2012).

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

> **ii.     Response to the claim that appellate counsel rendered ineffective assistance for failing to ensure that jury questionnaires and other jury materials were included with the record on appeal.**

63.     This sub-claim is set forth in paragraphs 202–203 and is answered as follows:

(a)     This claim is precluded. The rule of *Martinez v. Ryan*[238] and *Trevino v. Thaler*[239] provides a "narrow exception" to the procedural default rule "in the limited circumstances where a state law 'requires a prisoner to raise an

---

238. 566 U.S. 1 (2012).
239. 133 S. Ct. 1911 (2013).

ineffective-assistance-of-trial-counsel claim in a collateral proceeding.'"[240] This claim alleges ineffective assistance of *appellate* counsel, and so it is precluded from consideration under *Martinez*. As the claim was not exhausted, it is not properly before this Court.

(b)     The factual averments made in support of this claim are denied.

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

---

240. *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14) (emphasis omitted).

### iii. Response to the claim that appellate counsel rendered ineffective assistance for raising a claim of ineffective assistance of trial counsel on direct appeal.

64.     This sub-claim is set forth in paragraphs 204–213 and is answered as follows:

(a)     This claim is precluded. The rule of *Martinez v. Ryan*[241] and *Trevino v. Thaler*[242] provides a "narrow exception" to the procedural default rule "in the limited circumstances where a state law 'requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding.'"[243] This claim alleges ineffective assistance of *appellate* counsel, and so it is precluded from consideration under *Martinez*. As the claim was not exhausted, it is not properly before this Court.

(b)     The factual averments made in support of this claim are denied.

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review

---

241. 566 U.S. 1 (2012).
242. 133 S. Ct. 1911 (2013).
243. *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14) (emphasis omitted).

by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

> ### iv. Response to the claim that appellate counsel rendered ineffective assistance for abandoning Woods's appeal of his attempted murder conviction.

65. This sub-claim is set forth in paragraphs 214–218 and is answered as follows:

(a) This claim is precluded. The rule of *Martinez v. Ryan*[244] and *Trevino v. Thaler*[245] provides a "narrow exception" to the procedural default rule "in the limited circumstances where a state law 'requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding.'"[246] This claim alleges ineffective assistance of *appellate* counsel, and so it is precluded from consideration under *Martinez*. As the claim was not exhausted, it is not properly before this Court.

(b) The factual averments made in support of this claim are denied.

---

244. 566 U.S. 1 (2012).
245. 133 S. Ct. 1911 (2013).
246. *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14) (emphasis omitted).

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

     **v.**     **Response to the claim that trial, appellate, and postconviction counsel rendered ineffective assistance for failing to challenge the constitutionality of Alabama's capital statutes under *Ring* and *Hurst*.**

66.    This sub-claim is set forth in paragraphs 219–221 and is answered as follows:

(a)     To the extent that this claim alleges that appellate and postconviction counsel were independently ineffective, this claim is precluded. The rule of *Martinez v. Ryan*[247] and *Trevino v. Thaler*[248] provides a "narrow exception"

_____

247. 566 U.S. 1 (2012).
248. 133 S. Ct. 1911 (2013).

97

to the procedural default rule "in the limited circumstances where a state law 'requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding.'"[249] This claim is therefore precluded from consideration under *Martinez*. As the claim was not exhausted, it is not properly before this Court.

(b)     To the extent that Woods claims that his trial attorneys were ineffective, the factual averments made in support of this claim are denied. It is a long-settled proposition that Alabama's capital statutes are constitutional after *Ring v. Arizona*,[250] and *Hurst v. Florida*[251] is merely an application of *Ring* to Florida's unique capital statutes.[252] Counsel "is not ineffective for failure to raise a meritless argument."[253]

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based

---

249. *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14) (emphasis omitted).
250. 536 U.S 584 (2002).
251. 136 S. Ct. 616 (2016).
252. *Lee v. Comm'r, Ala. Dep't of Corrs.*, 726 F.3d 1172, 1197–98 (11th Cir. 2013) (discussing *Ring*); *Ex parte Bohannon*, No. 1150640, 2016 WL 5817692, at *4–5 (Ala. Sept. 30, 2016) (discussing *Ring* and *Hurst*); *Ex parte Waldrop*, 859 So. 2d 1181 (Ala. 2002) (discussing *Ring*); *cert. denied*, 124 S. Ct. 430 (2003) (mem.).
253. *Diaz v. Sec'y for the Dep't of Corrs.*, 402 F.3d 1136, 1142 (11th Cir. 2005).

on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

> ### vi. Response to the claim that Woods's death sentence is unconstitutional under *Ring* and *Hurst*.

67.     This sub-claim is set forth in paragraphs 222–234 and is answered as follows:

(a)     This claim is precluded. The rule of *Martinez v. Ryan*[254] and *Trevino v. Thaler*[255] provides a "narrow exception" to the procedural default rule "in the limited circumstances where a state law 'requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding.'"[256] This claim does not fit into the *Martinez* exception.

---

254. 566 U.S. 1 (2012).
255. 133 S. Ct. 1911 (2013).
256. *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14) (emphasis omitted).

(b)     This claim was not exhausted. Although Woods raised a *Ring* challenge on direct appeal,[257] that claim was not presented to the Alabama Supreme Court. Therefore, this claim is procedurally defaulted from this Court's review.[258]

(c)     The factual averments made in support of this claim are denied. In the alternative, Wood's claim is meritless. Neither *Ring* nor *Hurst* invalidated Alabama's capital sentencing scheme.[259] Woods was convicted of a capital crime with an "overlapping" aggravating circumstance, and that aggravator was properly "double counted" as the aggravating circumstance necessary for the jury to find under *Ring* to expose Woods to the death penalty. Woods's jury recommended death 10–2, and the trial court accepted that recommendation.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence,"

---

257. Vol. 23, Tab #R-35, at 70–76.
258. 28 U.S.C. § 2254(b)(1); *Medellin*, 544 U.S. at 666.
259. *Ex parte Bohannon*, No. 1150640, 2016 WL 5817692 (Ala. Sept. 31 2016); *Ex parte Waldrop*, 859 So. 2d 1181 (Ala. 2002).

and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

### vii. Response to the claim that postconviction counsel was ineffective for failing to exhaust Woods's claims in state court.

68.  This sub-claim is set forth in paragraphs 235–238 and is answered as follows:

(a)  This claim is precluded. The rule of *Martinez v. Ryan*[260] and *Trevino v. Thaler*[261] provides a "narrow exception" to the procedural default rule "in the limited circumstances where a state law 'requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding.'"[262] It does not provide a vehicle to allege freestanding claims of ineffective assistance of state postconviction counsel,[263] and so it is precluded from consideration.

(b)  This claim is insufficiently pleaded. Pursuant to 28 U.S.C. § 2254(e)(1) and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, Woods was obligated to state the facts supporting each ground

---

260. 566 U.S. 1 (2012).
261. 133 S. Ct. 1911 (2013).
262. *Arthur v. Thomas*, 739 F.3d 611, 629 (11th Cir. 2014) (quoting *Martinez*, 566 U.S. at 14) (emphasis omitted).
263. *Lambrix.*, 756 F.3d at 1262–63.

for relief in his petition. Here, Woods failed to allege with any degree of specificity that any of his unexhausted ineffective assistance claims were meritorious.

(c)     The factual averments made in support of this claim are denied.

(d)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

**CC.     Response to the claim that Woods's death sentence is invalid because Alabama amended its capital sentencing statutes to remove the jury override provision.**

69.     In paragraphs 239–269, Woods claims that his death sentence is unconstitutional because of the passage of Senate Bill 16, which removed the jury override provision in capital sentencing for cases tried after April 11, 2017. This claim is answered as follows:

(a)     This claim was not exhausted. Woods raised a claim concerning jury override on direct appeal,[264] but the claim was never presented to the Alabama Supreme Court. Therefore, the claim is procedurally defaulted.

(b)     In the alternative, this claim is meritless.  The factual averments made in support of this claim are denied. Senate Bill 16 provided only a procedural change to Alabama's capital sentencing scheme—it did not abolish the death penalty for any class of offender in Alabama. Moreover, Woods's jury and judge agreed that death was the appropriate punishment in his case, and so he would have the same sentence regardless of whether the provisions of Senate Bill 16 applied to him. Woods's claims concerning the constitutionality of existing death sentences are merely a modified form of the arguments made in Connecticut after that state prospectively abolished the death penalty, a substantive change.

(c)     Without waiving the foregoing, to the extent that Woods failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Woods is not entitled to an evidentiary hearing on this claim because it is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence,"

---

264. Vol. 23, Tab #R-35, at 70–76.

and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Woods guilty.

## IV.    RESPONSE TO PRAYER FOR RELIEF

70.     Woods is not entitled to any discovery, any further evidentiary hearing, or any of the relief he requests in the petition. He is not entitled to the issuance of a writ of habeas corpus.

## V.    MISCELLANEOUS MATTERS

71.     The responses herein are based on the undersigned counsel's understanding of the grounds for relief alleged in the petition. Should Woods attempt to argue other claims, the Respondent requests an opportunity to respond.

72.     All of the averments set forth in Woods's habeas petition that are not expressly admitted are denied.

## CONCLUSION

For the reasons above, the Respondent respectfully requests that, upon consideration of the state court record and the pleadings of the parties, this Court deny Woods's petition for a writ of habeas corpus.

Respectfully submitted,

Steve Marshall
Alabama Attorney General

**/s/ Lauren A. Simpson**
Lauren A. Simpson
Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: **J.D. Lloyd**.

I further certify that I mailed a courtesy copy of the foregoing to the following address:

> **Chambers of The Honorable L. Scott Coogler**
> **2005 University Blvd.**
> **Tuscaloosa, AL 35401**

I also e-mailed a courtesy copy to **coogler_chambers@alnd.uscourts.gov**.


<u>**/s/ Lauren A. Simpson**</u>
Lauren A. Simpson
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, Alabama 36130
(334) 353-1209 Office
(334) 353-3637 Fax
E-mail: lsimpson@ago.state.al.us