

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| _____ | ) | |
| Nathaniel Woods, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  2:16-cv-01758-LSC |
| | ) | |
| Cynthia Stewart, Warden | ) | |
| Holman State Correctional | ) | |
| Facility, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

**PETITIONER'S REPLY BRIEF**

July 27, 2017

J.D. Lloyd
Law Office of J.D. Lloyd, LLC
2151 Highland Ave. S., Suite 310
Birmingham, AL 35205
Office (205) 538-3340
JDLloyd@JDLloydLaw.com

*Counsel for Petitioner, Nathaniel Woods*

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................... ii

Argument ..........................................................................................................................

I.     Mr. Woods's trial counsel were ineffective at the penalty phase of his trial ........... 1

    A. Mr. Woods adequately pleaded and exhausted his claims that trial counsel rendered ineffective assistance at the penalty phase of Mr. Woods's trial ........................ 1

    B. The determination that Mr. Woods was not denied the effective representation of counsel at the penalty phase was contrary to and an unreasonable application of clearly established federal law ........................................................................ 3

II.    Mr. Woods pleaded his *Martinez* claims with sufficient specificity to warrant an evidentiary hearing ...................................................................................................... 4

    A. Mr. Woods presents sufficient facts demonstrating that trial counsel were ineffective for failing to properly advise Mr. Woods about rejecting the State's plea offer ................................................................................................................ 5

    B. Mr. Woods presents sufficient facts to establish appellate counsel by attempting to raise an unreviewable claim of ineffective assistance of trial counsel on direct appeal ............................................................................................................... 11

Conclusion ...................................................................................................................... 16

Certificate of Service ...................................................................................................... 17

# TABLE OF AUTHORITIES

**Cases**                                                           **Pg.**

*Arthur v. State*, 711 So. 2d 1031 (Ala. Crim. App. 1996).................................7

*Baldwin v. Reese*, 541 U.S. 27 (2004) ..............................................................2

*Coleman v. Thompson*, 501 U.S. 722 (1991) ...................................................15

*Davila v. Davis*, 137 S.Ct. 2058 (2017) .......................................................14,15

*Eggers v. State*, 2015 WL 7567551 (N.D. Ala. Nov. 25, 2015)........................14

*Hall v. State*, 820 So. 2d 113 (Ala. Crim. App. 1999) .....................................12

*Hill v. Lockhart*, 474 U.S. 52 (1985)........................................................7,10,11

*Martinez v. Ryan*, 566 U.S. 1 (2012)........................................................5,11,13

*McFarland v. Scott*, 512 U.S. 849 (1994) ..........................................................5

*McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005) .......................................2

*Missouri v. Frye*, 566 U.S. 133 (2012)...............................................................7

*Padilla v. Kentucky*, 559 U.S. 356 (2010) ..........................................................7

*Porter v. McCollum*, 588 U.S. 30 (2009) .........................................................1,4

*Rompilla v. Beard*, 545 U.S. 374 (2005) ..........................................................1,4

*Shanklin v. State*, 187 So. 3d 734 (Ala. Crim. App. 2014) ................................7

*Spencer v. State*, 58 So. 3d 215 (Ala. Crim. App. 2008)..................................6,8

*Strickland v. Washington*, 466 U.S. 668 (1984)...........................................*passim*

*Trevino v. Thaler*, 133 S.Ct. 1911 (2013)......................................................5,13

*Wiggins v. Smith*, 539 U.S. 510 (2003) ............................................................1,4

*Williams v. Allen*, 542 F. 3d 1326 (11th Cir. 2008) ............................................................. 3

*Woods v. State*, 13 So. 3d 1 (Ala. Crim. App. 2007).................................................... 12,13

**Statutes**

28 U.S.C. § 2254 ........................................................................................*passim*

**Rules**

Rule 32, Ala. R. Crim. P. ............................................................................*passim*

## ARGUMENT

**I.    Mr. Woods's trial counsel were ineffective at the penalty phase of his trial.**

Mr. Woods's counsel were constitutional ineffective at the penalty phase of his trial. As Mr. Woods outlined in his amended petition, counsel failed him completely and repeatedly during the penalty phase. *See* Doc. 23, ¶¶ 143-178. Counsel failed to diligently investigate Mr. Woods's case for mitigation, failed to prepare the witnesses presented, and failed to prepare Mr. Woods for the hearing. Counsel's performance was deficient under clearly established federal law. *See Wiggins v. Smith*, 539 U.S. 510 (2003), *Rompilla v. Beard*, 545 U.S. 374 (2005), and *Porter v. McCollum*, 588 U.S. 30 (2009). Counsel's performance was prejudicial because had trial counsel presented the evidence Rule 32 counsel discovered and had trial counsel not made the errors complained of in the Rule 32 and amended 2254 petition, "there is a reasonable probability that, absent the errors" Mr. Woods would not have been sentenced to death. *See Strickland v. Washington*, 466 U.S. 668, 695 (1984).

> **A. Mr. Woods adequately pleaded and exhausted his claims that trial counsel rendered ineffective assistance at the penalty phase of Mr. Woods's trial.**

The State contends Mr. Woods failed to exhaust his claims that trial counsel were ineffective at the penalty phase of Mr. Woods's trial. *See* Doc. 27, part XXVI. This is not so.

Mr. Woods was required to exhaust this claim in the state courts before this Court can consider it. *See* § 2254(b)(1). To exhaust a claim, a 2254 petitioner must

"fairly present" a specific constitutional claim to the state courts. *See McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). This rule seeks to "to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Id.* (internal citations omitted). A claim is "fairly presented" for exhaustion purposes if a state court does not have to look outside the of the brief or petition to understand the federal question at hand. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

Mr. Woods exhausted these claims in the state courts. He squarely presented his claims that trial counsel were ineffective at the penalty phase to the Rule 32 court. *See* Vol. 28, Tab #R58. On appeal from the denial of his Rule 32 petition, Mr. Woods made specific arguments to the circuit court's improper summary dismissals of his claims that trial counsel rendered ineffective assistance during the penalty phase of his trial. *See* Vol. 31, Tab #R-65, pg. 50-51. Mr. Woods complained on appeal that the Rule 32 court's summary dismissal of his penalty-phase ineffective-assistance claims was not proper because he had not had the opportunity to present facts in support of his claims that trial counsel were ineffective in developing and presenting a case for life for Mr. Woods. *Id.* Finally, Mr. Woods fairly presented these issue on appeal when, in the limited space afforded those petitioning the Alabama Supreme Court for certiorari review, he argued that the Alabama Supreme Court should review his case because the Rule 32 court improperly summarily dismissed so many claims raised in the Rule 32 petition. *See* Vol. 32, Tab #R-69, pg. 2-6.

These federal issues were squarely presented at the Rule 32 court and the denial was fully appealed to the Alabama Court of Criminal Appeals and Alabama Supreme Court. Both appellate courts were well aware that Mr. Woods was challenging the summary nature in which the Rule 32 court dismissed all of his ineffective assistance of counsel claims. As such, Mr. Woods has fairly presented these *Strickland* claims to the state courts.

> **B. The determination that Mr. Woods was not denied the effective representation of counsel at the penalty phase was contrary to and an unreasonable application of clearly established federal law.**

Trial counsel were completely ineffective in investigating and presenting a case for Mr. Woods's life at the penalty phase of his trial. The courts' decisions cannot be reconciled with the clearly established federal law.

In *Williams v. Allen*, 542 F. 3d 1326 (11th Cir. 2008), in the context of a *Strickland* claim based on counsel's performance in the penalty phase of a death penalty case, the Eleventh Circuit observed:

> "[a]n attorney has a duty to conduct a reasonable investigation, including an investigation of the defendant's background, for possible mitigating evidence."*Porter v. Singletary,* 14 F.3d 554, 557 (11th Cir. 1994) (citation omitted). This duty does not necessarily require counsel to investigate every evidentiary lead. *Harris v. Dugger,* 874 F.2d 756, 763 (11th Cir. 1989). However, the decision to limit an investigation "must flow from an informed judgment." *Id.* Under *Strickland,* "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91, 104 S.Ct. at 2066. Therefore, "[i]n assessing the reasonableness of an attorney's investigation, ... a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." [*Wiggins v. Smith*, 539 U.S. 510, 527 (2003)]

542 F.3d at 1337.

As Mr. Woods described in his amended petition for 2254 relief, trial counsel's mitigation evidence was paltry and unpersuasive. Only a handful of unprepared, unpersuasive, and uninformative witnesses were presented on Mr. Woods's behalf. No witness talked about or explored the difficulties Mr. Woods faced as a child. No witness talked about how his mother severely beat him as a child and frequently kicked him and his siblings out of the house. Instead, trial counsel presented Mr. Woods's mother who, of course, did not divulge her history of hitting her children and kicking them out of the house. Instead, she spoke in banalities and testified to her son's innocence. *See* Vol. 21, Tab #R-30, pg. 1905.

Mr. Woods's Rule 32 petition sufficiently pleaded a meritorious claim that trial counsel were ineffective at the penalty stage of Mr. Woods's case. Mr. Woods presented sufficient facts upon which the Rule 32 court could have -- and should have -- concluded that trial counsel's performance was not constitutionally sufficient under clearly established federal law under *Strickland, Wiggins*, *Rompilla*, and *Porter*.

Mr. Woods has shown by clear and convincing evidence that the record below is insufficient to determine whether the State's rejection of this claim violates clearly established federal law. Accordingly, Mr. Woods is entitled to an evidentiary hearing on this claim.

## II.    Mr. Woods pleaded his *Martinez* claims with sufficient specificity to warrant an evidentiary hearing.

Mr. Woods amended petition presents a number of meritorious claims demonstrating that his capital murder conviction and death sentence were obtained in violation of the

United States Constitution. Mr. Woods reached the "heightened pleading standards" required by § 2254. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994). Mr. Woods hasn't merely offered claims for relief without the requisite factual allegations. Instead, he has presented colorable and, more importantly, provable facts to support these claims. Because the claims are "substantial" ones and because he has presented facts sufficient to support and prove these claims, this Court must now order a hearing pursuant to § 2254(e) and *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 133 S.Ct. 1911 (2013).

> **A. Mr. Woods presents sufficient facts demonstrating that trial counsel were ineffective for failing to properly advise Mr. Woods about rejecting the State's plea offer**.

The facts pleaded in Mr. Woods's amended petition for relief clearly lay out the factual basis for his claim that trial counsel were ineffective for failing to thoroughly advise Mr. Woods about the dangers of rejecting the State of Alabama's plea off and proceeding to trial on his capital murder charges. This claim is not a mere assertion of a constitutional violation. It is not claim devoid of factual allegations that could prove his claim if proven true. Contrary to the State's argument, Mr. Woods's has presented a colorable and provable claim that his Sixth and Fourteenth Amendment rights were violated by counsel's failure to adequately inform Mr. Woods of the case against him and the ramifications of rejecting the plea offer and proceeding to trial.

The record of this case clearly shows that Nathaniel Woods and Kerry Spencer were co-defendants facing identical capital murder charges for the shooting deaths of three police officers and the attempted murder of another. Kerry Spencer was tried, convicted

and sentenced to death before Mr. Woods's case was called to trial. *Compare Spencer v. State*, 58 So. 3d 215, 220 (Ala. Crim. App. 2008) (noting that the circuit court sentenced Spencer to death on September 23, 2005) *with* Vol 12, Tab #R12 at R. 134 (noting that Mr. Woods's trial began on October 3, 2005). At least one of Mr. Woods's trial attorneys was present during Mr. Spencer's trial. Trial counsel thus should have been well aware of the challenges Mr. Woods was going to face with the State's evidence against him if he proceeded to trial on the capital murder charges.

At all times, Mr. Woods maintained that he never fired a gun on the day in question. No evidence was presented in either trial that indicated that Mr. Woods was a triggerman that day. At his trial, Spencer maintained that he and he alone shot and killed Officers Chisholm, Owen, and Bennett on the day in question and also shot at Officer Collins. *See Spencer*, 58 So. 3d at 227. The State's case did little, if anything to challenge Spencer's admission that he was the lone shooter.

Throughout these proceedings, Mr. Woods did not believe he could be convicted of capital murder because he believed the State wouldn't be able to show that Mr. Woods killed one of the officers on that day. He (wrongfully) believed that the State couldn't make a sufficient case of capital murder against him because (a) Spencer had taken sole responsibility for the shootings, and (b) there was no other evidence available to show that Mr. Woods fired a gun. In his mind, the State had little no case of capital murder against him. Objectively speaking, Mr. Woods was wrong and his counsel should have fully warned him of his misguided assessment.

Mr. Woods was completely unaware of the doctrine of accomplice liability in Alabama. He did not understand that the State could proceed under the theory that Mr. Woods had the "particularized intent" to kill that day, *see Shanklin v. State*, 187 So. 3d 734, 796 (Ala. Crim. App. 2014), and intended to help Spencer in the killings. *See Arthur v. State*, 711 So. 2d 1031, 1057-58 (Ala. Crim. App. 1996), aff'd sub nom. *Ex parte Arthur*, 711 So. 2d 1097 (Ala. 1997). Mr. Woods didn't understand that the State would be able to ask the jury to convict him of the capital charges if they believed Mr. Woods intended to lure the officers into the house that day so that Spencer could shoot them. Again, Mr. Woods believed the State was going to be required to show he pulled a trigger and killed an officer in order to be convicted of capital murder. At the time he rejected the State's plea offer, Mr. Woods unknowingly labored under a faulty understanding of what Alabama law required the State to show to present a sufficient capital murder case. Mr. Woods labored under this misunderstanding because trial counsel failed to fully explain how Mr. Woods could be convicted of capital murder and sentenced to death even if the State couldn't prove he shot an officer that day.

The Sixth and Fourteenth Amendments give defendants the right to effective assistance in determining whether to accept a plea bargain or proceed to trial. *See Strickland*; *Hill v. Lockhart*, 474 U.S. 52 (1985). This right requires counsel to effectively advise the defendant about either the ramifications of foregoing a plea and proceeding to trial, *see*, *Missouri v. Frye*, 566 U.S. 133 (2012), or the ramifications of pleading guilty. *See Padilla v. Kentucky*, 559 U.S. 356 (2010). If a defendant can show that trial counsel's error led him to forego a plea bargain and proceed to trial when he would have pleaded

7

guilty and received a lesser sentence but-for this error, the Sixth and Fourteenth Amendments require the defendant to be given relief.

Here, Mr. Woods has met this burden. Under the first prong of *Strickland*, he has shown that his trial counsel's performance was deficient and fell below "prevailing professional standards." *Strickland*, 466 U.S. at 688 Under an objective standard, trial counsel should have fully advised Mr. Woods about the doctrine of accomplice liability and corrected his erroneous beliefs about his case or about accomplice liability. Counsel failed to fully address this aspect of Mr. Woods' case to the extent that it would dispel Mr. Woods' mistaken belief that the State would have to show that he actually shot and killed someone to convict him of a capital offense. St no point did counsel have this detailed conversation with Mr. Woods. He was not aware of how the accomplice liability doctrine could be used under these facts to convict him of capital murder and sentenced to death. Without the proper instruction, Mr. Woods did not realize how much stronger the State's case against him truly was.

Counsel's error is more glaring with the knowledge that at least one of Mr. Woods' counsel sat through Spencer's trial and heard the State's version of the facts from that day. Counsel would have heard Officer Collins, the officer who survived the shooting, testify that he witnessed Mr. Woods yelling and cursing at the officers when they initially approached the apartment that day. *See Spencer*, 58 So. 3d at 220. Counsel would have heard Officers Collins likewise testify how Mr. Woods purportedly threatened one of the officers who was later killed, threatening to, "F--- him up." *Id.* Counsel would have also heard Collins testify that Mr. Woods was again yelling at police when they returned and

that he turned and ran inside the apartment after he refused to the officer's attempt to serve an arrest warrant. *Id*. as 221-22. Counsel knew that the Officer Collins testified that was when the deadly shooting began -- immediately after Mr. Woods ran back inside the apartment. *Id*. Again, by the time Mr. Woods rejected his plea offer, Spencer had been convicted and sentenced to death his crimes. Counsel knew, or should have known, that Mr. Woods very likely faced the same fate under the accomplice liability doctrine. Accordingly, counsel's failure to fully advise Mr. Woods that he faced a strong prospect of being convicted under an accomplice liability theory fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Mr. Woods can readily show prejudice as required under the second prong of a *Strickland* inquiry: but for counsel's failure to adequately advise him about the strength of the State's case under an accomplice liability theory, he would have accepted the State's plea offer. The State had offered Mr. Woods a plea deal wherein he'd plead guilty to a non-capital charge in exchange for a 25 or 30 year sentence. Again, had Mr. Woods known that he was likely to be convicted of capital murder under an accomplice liability theory and thus sentenced to life imprisonment without possibility of parole, he would have taken the plea deal. Accordingly, Mr. Woods has shown that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Because these facts demonstrate a "reasonable probability sufficient to undermine the outcome" in this case, Mr. Woods has proven the prejudice required for relief. *Id*.

9

Moreover, the State of Alabama does not dispute Mr. Woods's contention that this plea offer existed and was viable prior to trial. Mr. Woods has pleaded sufficient facts to demonstrate trial counsel were ineffective under *Strickland* and *Lockhart* in failing to fulfill their constitutional duty of making sure Mr. Woods understood accomplice liability and how it could be used in his case. But for these errors, Mr. Woods would have pleaded guilty and received a lower sentence.

Mr. Woods's Rule 32 counsel did not present this claim to the Rule 32 court. Pursuant to *Martinez*, this Court may excuse Mr. Woods's otherwise procedurally defaulted claim here if it finds (1) that Rule 32 counsel was ineffective under *Strickland* for failing to raise this claim of ineffective assistance of trial counsel, and (2) that the ineffective assistance of trial counsel claim presented here is a "substantial one." *Martinez*, 566 U.S. at 14. Mr. Woods has met this burden and he is not procedurally barred from presenting this claim here in his § 2254 petition. Taking these considerations in reverse order, Mr. Woods has presented a substantial claim for relief. Mr. Woods can prove that trial counsel failed to fully advise him about the dangers of foregoing the State's plea deal in light of the strong accomplice liability theory the State could pursue at trial. Had counsel advised Mr. Woods about the case in the manner that the Sixth and Fourteenth Amendments require, Mr. Woods would have pleaded guilty and been seen sentenced to 25 or 30 years imprisonment pursuant to the plea agreement.  Rule 32 counsel rendered constitutionally deficient performance when counsel failed to present this substantial claim of ineffective assistance of trial counsel to the Rule 32 court. Constitutionally adequate counsel would have presented this argument to the Rule 32 court. *Strickland*,

10

466 U.S. at 690. There is a reasonable probability that the circuit court would have been forced to hold an evidentiary hearing on this claim if not grant Mr. Woods relief. *Id.*, 466 U.S. at 694. Because Rule 32 counsel was ineffective under the *Strickland* test and because the claim of ineffective assistance of trial counsel raised here is substantial, Mr. Woods's procedural default must be excused and this Court must consider the claim on its merits.

Under *Martinez*, this Court must consider the merits of Mr. Woods's claim that trial counsel were ineffective for failing to fully advise Mr. Woods of accomplice liability and giving him the knowledge required under *Strickland* and *Lockhart* so that he might make an informed decision about pleading guilty or proceeding to trial. Because this claim was not developed below, this Court should hold an evidentiary pursuant to § 2254(e) to develop this claim.

**B. Mr. Woods presents sufficient facts to establish appellate counsel by attempting to raise an unreviewable claim of ineffective assistance of trial counsel on direct appeal.**

Mr. Woods has demonstrated how appellate counsel was ineffective for raising on direct appeal a claim that was meritless on the record before the Alabama Court of Criminal Appeals on direct appeal. Rule 32 counsel was ineffective for failing to raise this substantial issue in Mr. Woods's Rule 32 petition.

On direct appeal, appellate counsel for Mr. Woods presented a bare-bones argument that trial counsel were ineffective at the penalty stage. *See* Vol. 23, Tab #R-35. As discussed in Mr. Woods amended petition, this argument was nothing more than speculation based on the record before the Court of Criminal Appeals. As the issue

wasn't addressed at the trial court in a motion for new trial, the Court of Criminal Appeals only reviewed this claim for plain error. Of course, none was found. *See Woods v. State*, 13 So. 3d 1, 38 (Ala. Crim. App. 2007). When Mr. Woods's Rule 32 counsel raised the substantial claim that trial counsel were ineffective at sentencing *and* presented substantial evidence in support of that claim, the Rule 32 court summarily dismissed the claim, and, as an alternative holding, concluded that the claim was precluded pursuant to Rule 32.2(a)(4) because the claim had been presented on appeal. *See* Vol. 30,  Tab #R-62.

Appellate counsel was ineffective under *Strickland* for arguing on appeal that trial counsel were ineffective at the penalty phase of Mr. Woods's case. Appellate counsel's decision to raise this claim was clearly deficient and unreasonable under prevailing professional norms. *See Strickland,* 466 U.S. at 688. First, reasonable and diligent appellate counsel would have recognized that no claim of ineffective assistance of trial counsel was raised in a motion new trial, and thus, any claim of ineffective assistance would be assessed under a more-strenuous and difficult-to-prove "plain error" review. *See Hall v. State*, 820 So. 2d 113, 121 (Ala. Crim. App. 1999) ("[T]he plain-error doctrine applies only if the error is "particularly egregious" and if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.") (Internal citations omitted). That any ineffective-assistance-of-trial-counsel claim would be subject to a plain-error review would have prevented reasonable counsel from raising the issue. Second, counsel should have recognized that error he complained of was not fully supported by the record, let alone "particularly egregious" and apparent from the record. The Court of Criminal Appeals decision makes clear that the record before appellate

counsel was silent as to the claims he raised. *See Woods*, 13 So, 3d at 37-38 (noting that the record could not support either prong of the *Strickland* claim because the record was silent and the claim was nothing more than bare, unsubstantiated assertions). As the Court of Criminal Appeals' opinion makes clear, any claim that trial counsel were ineffective at the penalty phase was unsupported by the record and could not give Mr. Woods relief.

Mr. Woods was clearly prejudiced by appellate counsel's error here. Had appellate counsel not raised this claim on direct appeal, the circuit court could not have found that Mr. Woods was precluded from raising the claim in his Rule 32 petition pursuant to Rule 32.2(a)(4), which bars the court from granting relief on claims already presented and decided on appeal. While the Rule 32 court denied Mr. Woods's claim that trial counsel were ineffective during the penalty phase on alternative grounds -- for allegedly failing to meet his burden of pleading and because of the Rule 32.2(a)(4) procedural bar -- Mr. Woods was prejudiced here by the Rule 32 court even considering this procedural bar. There is a reasonable probability that the Rule 32 court would have been forced to hold an evidentiary hearing on this claim if not grant Mr. Woods relief had the Rule 32.2(a)(4) not been applied to this meritorious claim. *Id.*, 466 U.S. at 694. Accordingly, appellate counsel was ineffective under *Strickland* when he raised this claim on direct appeal.

*Martinez* and *Trevino* carved out a narrow exception to 2254's procedural default rules: procedural default will not bar a federal district court from considering a "substantial claim of ineffective assistant of trial counsel" that could and should have been presented at the petitioner's initial opportunity to present claims regarding the

effectiveness of trial counsel. *See Martinez*, 566 U.S. at 11; *Trevino*, 133 S.Ct. at 1921. The Supreme Court in *Martinez* noted that this "[limited qualification] does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial." 566 U.S. at 16. Because the claim raised here attacks the performance of counsel in the first proceeding Mr. Woods in which Mr. Woods could litigated a claim of ineffective assistance of trial counsel, the *Martinez* exception should apply and this Court should consider the claim.

The State argued that because this claim challenges *appellate counsel's* effectiveness, the *Martinez* exception doesn't apply. *See* Doc. 27, Part XXVIII(B), quoting *Eggers v. State*, 2015 WL 7567551 (N.D. Ala. Nov. 25, 2015). Recently, the United States Supreme Court held that *Martinez* does not extend to excuse procedurally defaulted claims of ineffective assistance of appellate counsel. *See Davila v. Davis*, 137 S.Ct. 2058 (2017). However, the question presented here does not raise claims similar to those raised by the petitioners in *Eggers* and *Davila*. Those petitioners raised claims that were not connected to the *Martinez* concern of excusing default where counsel failed to present a substantial claim of ineffective assistance of trial counsel at the petitioner's first opportunity to do so. *Martinez* address the default in connection to an initial-review collateral proceeding. *See Martinez*, 566 U.S. at 6. Here, Mr. Woods is attacking an attorney's performance at during *his first opportunity* to raise a claim of ineffective assistance of trial counsel -- appellate counsel during Mr. Woods's direct appeal.

Moreover, *Davila* reiterated that

> *Martinez* was concerned that a claim of *trial error*—specifically, ineffective assistance of trial counsel—*might escape review* in a State that required prisoners to bring the claim for the first time in state postconviction proceedings rather than on direct appeal. Because it is difficult to assess a trial attorney's performance until the trial has ended, a trial court ordinarily will not have the opportunity to rule on such a claim. And when the State requires a prisoner to wait until postconviction proceedings to raise the claim, the appellate court on direct appeal also will not have the opportunity to review it. *If postconviction counsel then fails to raise the claim, no state court will ever review it*. Finally, because attorney error in a state postconviction proceeding does not qualify as cause to excuse procedural default under *Coleman, no federal court could consider the claim either*.

137 S. Ct. at 2067 (Emphasis added). Here, Mr. Woods has not had the opportunity for meaningful state review of a substantial claim of *trial error* that is going to go under reviewed because of appellate counsel's errors. Again, *Davila* held that equitable exceptions to *Coleman v. Thompson*, 501 U.S. 722 (1991) announced in *Martinez* and *Trevino* only concern situations where an attorney's performance has prevented a state court from conducting a meaningful review of a substantial claim of ineffective assistance of trial counsel. As such, this present claim isn't barred by *Davila* as it addresses a claim *Martinez* and *Trevino* meant to allow.

Again, *Martinez* concluded that an exception to the procedural default rules of 2254 should be made for petitioners who can demonstrate that (a) counsel was ineffective under *Strickland* during petitioner's initial stage of reviewing claims of ineffective assistance of trial counsel, and (b) the claim of ineffective assistance of trial counsel is a substantial one. Mr. Woods has met that burden here. The consideration at the heart of this claim is a substantial claim involving the effectiveness of trial counsel -- whether appellate counsel was ineffective for raising a claim of ineffective assistance of trial counsel that he could not prove on direct appeal. Likewise, Mr. Woods has demonstrated

that Rule 32 counsel was ineffective for failing to raise this issue -- without raising this claim, the Rule 32 court could (and did) apply the procedural bar of Rule 32.2(a)(4) to prevent Mr. Woods from obtaining relief on his substantial claim that trial counsel were ineffective during the penalty phase.

Finally, the State contends that Mr. Woods's claim regarding trial counsel's ineffectiveness during the penalty phase is not exhausted for this Court's review, thus rendering this *Martinez* claim merits. This isn't so. As discussed above, Mr. Woods exhausted his Rule 32 claim that trial counsel were ineffective during the penalty phase. As such, this *Martinez* claim is meritorious and provides Mr. Woods an avenue to receive he relief he requests and deserves.

Based on the foregoing, Mr. Woods's claim that appellate counsel was ineffective for raising on appeal a claim of ineffective assistance of trial counsel must be considered under *Martinez*. The claim is centered upon a substantial claim of ineffective assistance of trial counsel, a claim squarely within the purview of *Martinez*'s exception.

16

## CONCLUSION

FOR THESE REASONS, and such other reasons as may appear to the Court upon further pleading and a full evidentiary hearing, Petitioner Nathaniel Woods respectfully requests this Court to grant the following relief:

a.  Conduct a full evidentiary hearing at which he may offer proof concerning allegations of constitutional violations at his trial;

b.  Provide him with sufficient funds to present witnesses, experts, and other evidence in support of the allegations in this petition;

c.  Permit discovery;

d.  After a full and complete hearing, order that petitioner be relieved of his unconstitutionally obtained capital conviction and death sentence; and

e.  Grant any additional or alternative relief as appropriate.

Respectfully submitted on this 27th day of July 2017.

/s J.D. Lloyd
JD Lloyd (LLO-011)
Law Office of J.D. Lloyd, LLC
2151 Highland Ave. S., Suite 310
Birmingham, AL 35205
(205) 538-3340
JDLloyd@JDLloydLaw.com

*Counsel for Petitioner, Nathaniel Woods*

17

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Lauren A. Simpson, Assistant Attorney General for the State of Alabama, Office of the Attorney General.

I further certify that I mailed a courtesy copy of the foregoing to the following address:

> Chambers of The Honorable L. Scott Coogler
> 2005 University Blvd.
> Tuscaloosa, AL 35401

I also emailed a courtesy copy to coogler_chambers@alnd.uscourts.gov

> /s J.D. Lloyd
> J.D. Lloyd
> Law Office of J.D. Lloyd, LLC
> 2151 Highland Ave. S., Suite 310
> Birmingham, AL 35205
> (205) 538-3340
> JDLloyd@JDLloydLaw.com
>
> *Counsel for Petitioner, Nathaniel Woods*

18