**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| Nathaniel Woods, | ) |
| Petitioner, | ) |
| | ) **DEATH PENALTY CASE** |
| v. | ) Case No. 2:16-cv-01758-LSC |
| | ) |
| Cynthia Stewart, Warden | ) **DEATH WARRANT SIGNED** |
| Holman State Correctional | ) **EXECUTION SCHEDULED FOR** |
| Facility, et al., | ) **MARCH 5, 2020.** |
| | ) |
| Respondents. | ) |

## PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(e)

On March 3, 2019, undersigned counsel submitted a Motion for Limited Appearance to file an **Emergency Motion for Substitution of Counsel and a Limited Stay of Execution under 28 U.S.C. § 2251(a)(3)** to this Court. Less than two hours later, this Court issued an Order (Doc. 42) denying the motions, finding that "even though counsel styled the motion as simply one for a limited appearance, it has attached exhibits exceeding 100 pages that are clearly separate motions for relief…."  This Court then denied the motion on the ground that the filings constituted a second or successive application for habeas corpus under 28 U.S.C. § 2244(b)(3)(A) and therefore the Court lacked jurisdiction.

Undersigned counsel seeks reconsideration of this Order, which it believes was wrongly decided. Undersigned counsel sought permission to file a limited appearance before this court and complied with the District's rule for doing so.

Undersigned counsel sought to enter a limited appearance solely in order to submit <u>one Motion</u> for consideration—the **Motion for Substitution of Counsel and A Limited Stay of Execution Under 28 U.S.C. § 2251(a)(3)** ("Motion for Substitution"). The exhibits attached thereto and referenced in the Order do not themselves constitute separate filings or motions. Petitioner attached the exhibits, which were erroneously deemed a "successive petition," because the procedural

history in this case is relevant to the grounds on which Petitioner believes he is entitled to new federal habeas counsel. The District Court was not asked to rule on any request for substantive relief. Rather, Mr. Woods and undersigned counsel seek a stay in order to secure the appointment of new counsel to investigate and plead permissible avenues of relief, which counsel of record is unwilling to do despite Mr. Woods' express request for him to do so.

Undersigned counsel seeks to file a Limited Appearance before this Court solely to allow the substance of Petitioner's Motion for Substitution to be ruled on by this Court on the merits. This court has jurisdiction to appoint or substitute federal counsel, co-counsel, or conflict-free counsel up to an inmate's execution, even when federal proceedings have concluded. *See* 18 U.S.C. § 3599 (permitting appointment "of one *or more* attorneys" "after the entry of a judgment imposing a sentence of death *but before the execution* of that judgment") (emphasis added); *see, e.g.*, *Dailey v. Secretary*, No. 8:07-cv-1897, ECF No. 58 (M.D. Fla. Oct. 1, 2019) (after the conclusion of initial habeas proceedings and after the signing of a death warrant, finding good cause to substitute a CHU for current federal counsel when current federal counsel moved to withdraw due to a conflict of interest); *Damren v. Sec'y,* No. 3:03-cv-00397-TJC-JRK, ECF No. 169 (M.D. Fla. Nov. 30, 2018) (appointing a CHU as federal co-counsel even after dismissal of initial habeas as time-barred); *Long v. Sec'y,* No. 8:13-CV-2069-T-27AEP) ECF No. (M.D. Fla. Dec. 3, 2018) (appointing a CHU as federal co-counsel to a solo practitioner even after denial of initial habeas); *Bradley v. Sec'y,* No. 3:10-cv-1078-J-32JRK, ECF No. 32 (M.D. Fla. Nov. 30, 2018) (appointing a CHU as federal co-counsel even after denial of initial habeas); *Johnson v. Sec'y*, Nos. 3:18-cv-168, 8:13-cv-382, ECF. No. 24 (M.D. Fla. July 7, 2015) (appointing "counsel to represent the petitioner for the limited purpose of determining the applicability of *Martinez* . . . to the petitioner's ineffective assistance of counsel claims in his state post-conviction proceedings.") *see also Johnson v. Davis*, No. 4:11-cv-2466, Doc. 84 (S.D. Tex. Apr. 30, 2019) (In a case under warrant, the district court appointed supplemental counsel); *Gutierrez v. Davis*, Slip Op., No. 18-70028 (5th Cir. 2018) (concluding district court in case under warrant did not abuse its discretion by granting a stay at the time *of appointment of counsel*); and *Ramirez v. Davis*, 675 F. App'x 478 (5th Cir. 2017) (district court did not lack jurisdiction to grant stay after appointment of counsel under warrant).

Undersigned counsel respectfully asks this Court to amend its Order incorrectly treating the Motion for Limited Appearance as a second or successive habeas petition, accept the Motion for Substitution of Counsel as filed, and to issue thereafter a stay of his execution so that the CHU in the Middle District of Florida can seek appointment and conduct the investigation required by the Constitution that Mr. Woods was never afforded.

        Respectfully Submitted,

        */s/ Alicia K. Haynes*
        Alicia K. Haynes (ASB-8327-e23a)
        Attorney for Petitioner
        For Limited Purpose

**OF COUNSEL:**
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226
Phone: (205) 879-0377
Tax: (205) 879-3572
Email: akhaynes@haynes-haynes.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John D. Lloyd
The Law Office of JD Lloyd LLC
2151 Highland Ave S
Suite 310
Birmingham, AL 35205
Phone: (205) 538-3340
Fax: (205) 212-9701
Email: JDLloyd@JDLloydLaw.com

Lauren A. Simpson
Office of the Attorney General
State of Alabama
Capital Litigation Division
501 Washington Avenue
PO Box 300152
Montgomery, AL 36130
Phone: (334) 353-1209
Fax: (334) 353-8400
Email: lsimpson@ago.state.al.us

                                                                 */s/ Alicia K. Haynes*
                                                                 Attorney for Petitioner
                                                                 For Limited Purpose